## THE NATIONAL BANK OF GALENA v. CHASE ET AL.

1. Garnishment: SURPLUS PROCEEDS OF COLLATERAL SECURITY. Where a bank received from C. certain notes as collateral security for a loan, and collected the notes and paid the loan out of the proceeds, and had money left, and the bank was garnished as the debtor of C., and there was no proof by an intervenor claiming the money of an assignment to him, *held* that it was error to discharge the garnishee on motion of the intervenor.

*Appeal from Plymouth Circuit Court.*

MONDAY, MARCH 7.

THIS is a proceeding in attachment by garnishment. The defendant Chase is the judgment debtor. The First National

Bank of Le Mars is the garnishee. The subject of the garnishment is money in the possession of the garnishee, the proceeds of a promissory note which the bank collected. C. A. Robbe appeared as an intervenor, and claimed that the note was purchased by him of Chase, while in the possession of the bank, and before the garnishment, and that he is entitled to the proceeds of the note. At the May term, 1885, certain depositions taken in behalf of Robbe, the intervenor, were suppressed, on motion of the plaintiff, and the cause was continued to the December term, 1885. During the vacation, the intervenor sued out another commission, and took the depositions again; and, at the December term, they were again suppressed, on motion of plaintiff. At the same time the cashier of the Bank of Le Mars, garnishee, appeared, and was examined in open court, and his answers, as garnishee, were reduced to writing. The garnishee and the intervenor moved that the garnishee be discharged, on the ground that the evidence did not show an unpaid judgment against Chase, and the answers of the garnishee did not show that the garnishee had any money rights or credits of the defendant Chase in its possession. The motion was sustained and the garnishee discharged, to which ruling the plaintiff excepted. Afterwards, and at the same term, the plaintiff filed a motion to dismiss the petition of the intervenor, on the ground that, as the garnishee had been discharged, the court had lost all jurisdiction over the garnishee, as well as over the garnished property. This motion was overruled, to which ruling the plaintiff excepted. At the same term the court called the case "for trial as to the intervenor's intervention," and the intervenor offered in evidence the depositions which had been suppressed, and attempted to show by oral testimony that the depositions were taken in accordance with the laws of New Hampshire, where they were taken. The plaintiff objected to all the evidence. The court sustained the objection, and the intervenor excepted. Thereupon the court, upon its own motion, and against the objec-

tions and exceptions of both parties, continued the cause until the next term. Both parties appeal.

*J. H. Struble*, for the plaintiff.

*Curtis & Durley*, for the defendant Chase and for the garnishee and the intervenor.

ROTHROCK, J.—It will be observed from the above statement of facts that there has been some remarkable practice in this case. There has been no final judgment in the court below. The last step that appears to have been taken was a continuance of the cause against the objection of both parties. Our first impression, after an examination of the record, was that no appeal would lie, because the court below might yet correct any of the errors complained of. We are still of the opinion that the intervenor has no right to appeal. Indeed, we do not understand that he claims that his depositions were properly taken; and, as the cause was continued, there was nothing to prevent him from again taking depositions. But, on reflection, we think the plaintiff has the right to appeal from the order discharging the garnishee. That order appears to have been adhered to throughout all the subsequent proceedings. It was an order which affected the substantial rights of the parties. It is very plain that the order should not have been made. The answer of the garnishee showed that Chase, the judgment debtor, deposited two notes with the garnishee, as collateral security for a loan by the bank and a loan by another party. The notes were executed by one Blades, payable to the order of Chase, and, when deposited as collateral, were not due. Blades resided in Dakota; and, when the notes became due, the bank sent them to Dakota for collection. Blades paid the notes. The proceeds of the first note paid the loans for which both notes were collateral, and the bank held the proceeds of the second note for Chase, or his assignee. If Chase made no assignment of the note or proceeds before the garnish-

ment, the proceeds were attachable for his debts.    When the answer of the garnishee showed this state of facts, Robbe, the intervenor, should have set himself about proving the allegations of his petition of intervention, instead of moving to discharge the garnishee.    It is true, he also claimed in his motion that plaintiff did not prove that the judgment had not been paid; but we are not prepared to believe that the court sustained the motion on this ground.    The execution was introduced in evidence, and, if it had been necessary to prove that the judgment was not paid, this proof was sufficient. The fact that the garnishee had been discharged no doubt led to the subsequent somewhat anomalous proceedings in the case.    The record shows that the plaintiff was permitted to appear afterwards in the case, although it had no interest therein.    The discharge of the garnishee effectually disposed of all it claimed in the case.    The discharge was an adjudication that the plaintiff had no right to the money in the custody of the garnishee.    But the plaintiff did appear afterwards, and, when the intervenor attempted to resurrect the defunct depositions, plaintiff objected, and the objection was sustained.    The intervenor was then left without proof of the assignment, and the court doubtless thought that the best way out of the dilemma was to continue the case, which was done.

We think the motion to discharge the garnishee should have been overruled, and that the parties should take up the case at that point, and try it in a regular and orderly manner.    The cause will be reversed on the plaintiff's appeal.