DR. G. E. BRISTOL, Appellant, v. NOAH BRENT, Respondent, ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Respondent.

No. 1977. Decided January 20, 1909 (99 Pac. 1000).

1. APPEAL AND ERROR—DECISIONS REVIEWABLE—FINAL JUDGMENT—TEST OF FINALITY. The test of the finality of a judgment for purposes of appeal is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment.[1] (Page 215.)

2. GARNISHMENT—VACATING PROCEEDINGS—EFFECT. The purpose of garnishment proceedings being to seize and hold property pending the action out of which the writ issued, the dismissal of the garnishment proceedings discharged the garnishment lien. (Page 215.)

3. GARNISHMENT—NATURE OF PROCEEDINGS. Garnishment proceedings are not independent proceedings, but merely in aid of an action begun at or before the garnishment proceedings were instituted, and, where the defendant is personally served or appears voluntarily in the main action, the judgment therein is in no way dependent on the garnishment proceedings. (Page 216.)

4. GARNISHMENT—DISCHARGE OF PROCEEDINGS—EFFECT ON PRINCIPAL ACTION. In an action on a note against a non-resident defendant, aided by garnishment, where no personal service was had on defendant and he did not voluntarily appear, the principal action became one *in rem* against the garnished property, so that the discharge of the garnishment proceedings would terminate the principal action. (Page 217.)

5. APPEAL AND ERROR—DECISIONS REVIEWABLE—FINAL ORDER—ORDER DISMISSING GARNISHMENT PROCEEDINGS. Const., art. 8, sec. 9, gives an appeal from all final judgments of the district court, and Comp. Laws 1907, sec. 3113, authorizes appeal from any final judgment or order in garnishment proceedings. An action was brought against a nonresident defendant on a note, summons being served by publication, and thereafter the garnishment proceedings were dismissed before judgment was rendered in the main action. *Held* that, since the main action was one *in rem*

[1] Honerine, etc., Co. v. Tallerday, etc., Co., 30 Utah 449, 85 Pac. 626; Winnovich v. Emery, 33 Utah 345, 93 Pac. 988.

against the garnished property in the absence of personal service, the order dismissing the garnishment proceedings in effect terminated the main action, and was a final, appealable order within the statute. (Page 218.)

APPEAL from District Court, Salt Lake County. *Hon. M. L. Ritchie,* Judge.

Action by G. E. Bristol against Noah Brent, and another as garnishee. From an order dismissing the garnishment proceedings, plaintiff appealed. On motion to dismiss appeal.

MOTION DENIED.

*E. A. Walton* for appellant.

*Messrs. Goodwin & Van Pelt* for respondent.

STRAUP, C. J.

Bristol brought an action in the district court of Salt Lake county against Brent to recover money alleged to be due on a promissory note. The complaint was filed in September, 1907. At the time of the filing of the complaint the plaintiff caused a writ of attachment to be issued, and a writ of garnishment to be served in Salt Lake county on the Atchison, Topeka & Santa Fe Railway Company. The writ of garnishment showing an admission of the garnishee of an indebtedness to Brent in the sum of $141.46 was returned and filed in December, 1907. On February 11th following, the garnishee served and filed a motion of discharge and release, and to dismiss the garnishment proceedings. Upon a hearing the motion was granted on the 7th of March, 1908, and the garnishee discharged and released from all liability in the premises. Thereafter, and on the 11th day of March, 1908, Brent filed a demurrer to the complaint, and, on the 10th day of April, 1908, an answer. No trial has yet been had, and no judgment has been rendered in the main action. On September 4, 1908, the plaintiff prosecuted an appeal to this court from the order discharging and releasing the garnishee and dismissing the garnishment proceedings. The garnishee filed

a motion in this court to dismiss the appeal, on the ground that the order appealed from is not a final judgment and that the appeal is taken prematurely. By agreement of counsel the motion to dismiss the appeal is the only question presented and submitted at this time.

The Constitution (article 8, section 9) provides that: "From all final judgments of the district court there shall be a right of appeal to the Supreme Court." The statute (section 3113, Comp. Laws 1907) provides that: "Motions for a new trial may be made in the same manner and shall be allowed for the same grounds in garnishment proceedings as in other trials; and appeals may be taken and prosecuted from any final judgment or order in such proceedings as in other civil cases." The statute, of course, cannot enlarge the Constitution. To be appealable, the ruling in question must be a final judgment.

In the case of *Honerine, etc., Co. v. Tallerday, etc., Co.,* 30 Utah 449, 85 Pac. 626, and in the case of *Winnovich v. Emery,* 33 Utah 345, 93 Pac. 988, we had occasion to consider the question of the finality of a judgment. In the latter case Mr. Justice Frick said: "The test of finality for the purpose of an appeal, therefore, is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment."

The order of the court ended the controversy between the plaintiff and the garnishee, and put those proceedings and the parties thereto out of court. The plaintiff is entitled at some time, and on some appeal, to have the ruling reviewed. No continued or subsequent proceedings in the district court between the plaintiff and Brent in the main action could in any wise affect the garnishee in the premises. The purpose of attachment and garnishment proceedings is to seize and hold property pending litigation in the action out of which the writs issued. When the garnishee and the garnishment proceedings were discharged, the garnishment lien was also discharged. If the plaintiff cannot have the

ruling reviewed and the *status quo* of the property preserved until he obtains a final judgment against Brent, his litigation may be fruitless; for, in the meantime, the seized property may have been disposed of. If the ruling in question is not a final judgment and appealable now, it is also not a final judgment and not appealable when the plaintiff obtains a final judgment in the main action against Brent. In order, therefore, that the plaintiff may have the ruling reviewed, he would be obliged to take an appeal from a judgment in the main action which was rendered in his favor and concerning which he has no complaint to make. Very true, attachment and garnishment proceedings in this state are not independent proceedings, but are merely in aid of an action commenced concurrently with or prior to such proceedings. In case of personal service or a voluntary appearance of the defendant in the main action, neither the action nor the judgment in any manner depends upon the attachment or garnishment, although the attachment and garnishment depend upon the main action. In such case the judgment in the main case is precisely the same whether the attachment or garnishment is dismissed or not. This court could neither revise nor modify the final judgment in the main action in any particular in consequence of any error in the attachment or garnishment proceedings. In this instance, however, when the court discharged the garnishee and dismissed the garnishment proceedings, no personal service was had on Brent, nor had he then made a voluntary appearance. Upon the filing of an affidavit showing that the defendant Brent was a nonresident of this state and a resident of California, an order was made on the 1st day of February, 1908, for publication of summons. Personal service of the summons was had on him in California on the 7th day of February, 1908. The statute (section 2950, Comp. Laws 1907) provides that such service is equivalent to publication and deposit in the post office, and is complete on the tenth day after actual service. Upon such a constructive service jurisdiction to proceed in the main action is acquired only by a procedure against

property of the defendant within the jurisdiction of the court. If there is no appearance of the defendant, and no personal service of process on him within the state, the case becomes a proceeding *in rem*, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. If, in such case, the attachment is dissolved or garnishment proceedings dismissed, no further proceedings can be had in the action, and a judgment in the main action is thereby prevented, unless the plaintiff shall be able to find and seize other property of the defendant within the jurisdiction of the court. Such was the state of the proceedings when the court discharged the garnishee, the effect of which ruling was to prevent the plaintiff from further proceeding in the action and to prevent a judgment. A ruling, the effect of which not only ends the controversy between the plaintiff and the garnishee, but which also substantially terminates plaintiff's right to further proceed in the main action because that which conferred jurisdiction on the court to proceed was taken away by the ruling, must, in its essential nature, be final. If, in such instance, as is in effect urged by respondent, the plaintiff cannot have the ruling reviewed until he obtains a final judgment against the defendant in the main action, he is wholly unable to have it reviewed, for the thing which entitled him to proceed to a judgment was taken away and thereby a judgment prevented.

In the case of *Bebb v. Preston,* 1 Iowa 460, where the court held the ruling discharging a garnishee final and appealable, it was said:

"It is true it (the garnishment proceeding) must have connection with an action commenced or judgment recovered, and then it becomes almost an action of itself. It is such in substance though not in form. If it must have a name, we will call it a special proceeding."

In the case of *National Bank v. Chase,* 71 Iowa 120, 32 N. W. 202, the court held that in proceedings in attachment by

garnishment the plaintiff has the right to appeal from an order dismissing the garnishee before final judgment. The court there said:

"We think the plaintiff has the right to appeal from the order discharging the garnishee. . . . It was an order which affected the substantial rights of the parties. . . . The discharge of the garnishee effectually disposed of all it claimed in the case. The discharge was an adjudication that the plaintiff had no right to the money in the custody of the garnishee."

In the case of *Turpin v. Coates,* 12 Neb. 321, 11 N. W. 300, the court said:

"We have no doubt that an order discharging garnishees is an order affecting a substantial right made in a special proceeding. Such an order, in many cases, would entirely defeat the collection of a debt. Neither is it necessary to wait until final judgment before such order can be reviewed. No judgment can be rendered against the garnishees until after final judgment against the debtor, but, if the attachment, is not dissolved, the creditor has a right to the security obtained by the proceedings in garnishment for the satisfaction of any judgment he may obtain."

The following cases also support the same doctrine: *McConnel v. Rakness,* 41 Minn. 3, 42 N. W. 539; *Strickland v. Maddox,* 4 Ga. 393; *Haebler v. Bernharth,* 115 N. Y. 459, 22 N. E. 167; *Quebeck Bank v. Carroll,* 1 S. D. 1, 44 N. W. 723.

It is true, as observed by the respondent, that in some of these cases the statute provided for an appeal not only from final judgments but also from final orders affecting a substantial right in a special proceeding and determining the action and preventing a judgment. While the statutes relating to appeals were somewhat broader than is our Constitution, still the essential thing before the court in these cases was the question of the finality of the order appealed from. Here, as there, the garnishment proceedings involved a controversy between the plaintiff and the garnishee. As between them the ruling made discharging the garnishee and dismissing the garnishment proceedings ended that controversy, and as between them, and as to such pro-

ceedings, was a judgment which, in our opinion, was final for the purpose of an appeal.

There are cases which hold that neither a ruling refusing to discharge nor discharging an attachment or garnishment is appealable. Mr. Elliott, in his work on Appellate Procedure, at section 81, says:

"The weight of authority is that no appeal will lie from an order dissolving or refusing to dissolve an attachment, although the cases are conflicting."

It will, however, be seen that, in most of the cases cited holding that no appeal lies from such an order, the ruling was made in cases where an appeal was taken from orders made refusing to discharge or dismiss an attachment or garnishee. Such is also the case in most of the cases cited by respondent. It may well be that a ruling refusing to dissolve an attachment or discharge a garnishee is intermediate or interlocutory; for, in such instance, the *status quo* of the property pending the litigation in the main action is preserved, and the jurisdiction acquired by a procedure against the property of the defendant within the jurisdiction of the court retained. But a ruling dissolving an attachment or discharging a garnishee is not an intermediate or interlocutory, but a final order or judgment. By such a ruling the *status quo* of the property is not preserved, and the jurisdiction acquired by a procedure against the property is taken away. That a ruling discharging or dismissing such a proceeding is final and appealable, while a ruling refusing to dismiss or discharge is intermediate and not appealable, is recognized in the case of *Page v. Hurd,* 1 Aikens (Vt.) 105.

We are of the opinion that the motion to dismiss the appeal should be denied. Whether a ruling made refusing to discharge an attachment or a garnishee is also a final judgment and appealable, we do not now decide. We reserve our opinion on that until the question is presented.

The motion is denied.

FRICK and McCARTY, JJ., concur.