## SLAUGHTER v. ROBINSON (LYNCH, Garnishee).

No. 3191.   Decided May 10, 1918.   (173 Pac. 456.)

1. GARNISHMENT—WRIT OF ATTACHMENT.   Under Comp. Laws 1907, section 3090, as amended by Laws 1913, c. 94, providing that, on the commencement of any personal action on contract, plaintiff may obtain a writ of garnishment by making and filing an affidavit that he has good reason to believe and does believe that any person has property or money belonging to the defendant or is indebted to the defendant, and that he is justly apprehensive of the loss of the same unless garnishment issue, it is unnecessary to issue also a writ of attachment and the garnishment writ may be issued, without setting forth any of the grounds enumerated in section 3064.   (Page 275.)

2. GARNISHMENT—TIME FOR FILING AFFIDAVIT AND ISSUING WRIT—"UPON"—"ON."   Comp. Laws 1907, section 3090, as amended by Laws 1913, c. 94, providing that, "upon" the commencement of any personal action writ of garnishment may be issued upon proper affidavit, the procedure proscribed in such section may be taken only at the time of the commencement of the action since the word "upon" means substantially the same as "on," and means in the connection used "at the time of."   (Page 277.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by J. A. Slaughter against H. J. Robinson, wherein J. C. Lynch was garnished.

Judgment quashing the writ of garnishment. Plaintiff appeals.

AFFIRMED.

*Skeen & Skeen* for appellant.

*Horace H. Smith* and *Dey, Hoppaugh & Fabian* for respondents.

FRICK, C. J.

This action was originally commenced in the district court of Salt Lake County by the Greenewald Furniture Company, a corporation. The action was commenced on the 31st day of May, 1912, and was based on an account stated, for goods, wares, and merchandise theretofore sold and delivered by said corporation to the defendant H. J. Robinson. A general demurrer was interposed to the complaint. On the 26th day of August, 1916, the day on which the demurrer was disposed of, one J. A. Slaughter, the plaintiff and appellant here, having succeeded to the rights of said corporation, was, upon his application, substituted for the plaintiff in the action, and he will be treated as the only plaintiff on the appeal.

On the 9th day of November, 1916, an affidavit of garnishment and undertaking were filed in the action, and on the same day a writ of garnishment was issued by the clerk of the district court of Salt Lake county. The writ of garnishment was served on J. C. Lynch, garnishee, on the date it was issued. It seems that a previous writ of garnishment had been issued in the action which had, however, been quashed by the district court. After the last writ, the one now in question, was issued, the defendant again moved the court to quash the

writ upon various grounds. The motion to quash was heard, and, on the 6th day of December, 1916, the district court quashed the writ and entered the following order or judgment:

"It is ordered that the writ of garnishment herein issued on the 9th day of November, A. D. 1916, be and the same is hereby quashed, and that the service thereof be and the same is hereby vacated, and the garnishee, J. C. Lynch, be and he is hereby released from all responsibility under and by virtue of the attempted service of said writ."

The appeal is from the foregoing order or judgment.

An order or judgment quashing a writ of garnishment and discharging the garnishee has been held to be a final judgment and hence appealable. *Bristol* v. *Brent*, 35 Utah, 213, 99 Pac. 1000. The only error assigned is that the court erred in entering the order or judgment quashing the writ of garnishment and discharging the garnishee.

The affidavit was made, and the writ of garnishment was issued, pursuant to Comp. Laws 1907, section 3090, as amended by chapter 94, Laws Utah 1913, p. 166. The amendment to that section, so far as material here, provides:

"It is further provided that upon the commencement of any personal action arising upon a contract express or implied or upon any judgment or decree already obtained the plaintiff may obtain a writ of garnishment by making and filing with the justice of the peace in a justice court or with the clerk of the court in which said action was brought an affidavit stating that he has good reason to believe and does believe that any certain person, firm or corporation, private or public, has property, money, goods, chattels, credits or effects in his or its hands or under his or its control belonging to the defendant or defendants, or any or either of them, or that such person, or persons, firm or corporation is indebted to the defendant; that the defendant is indebted to him or it on such contract, judgment or decree, sued upon, and that he is justly apprehensive of the loss of the same unless writ of garnishment issue. The garnishee thereupon is liable to the plaintiff from the time of the service of such writ to the amount of the

aforesaid property or indebtedness belonging or due to the defendant and shall make answer to the writ as provided by law.

"Before issuing said writ of garnishment, the justice or the clerk must require a written undertaking on the part of the plaintiff, with sufficient sureties, in a sum not less than double the amount claimed by the plaintiff, but in no case shall the undertaking required exceed $10,000 or be less than $50 in amount. The condition of said undertaking shall be to the effect that if the defendant recover judgment, or if a writ of garnishment be wrongfully issued, the plaintiff will pay the defendants all costs that may be awarded to the defendants, and all damages which he may sustain by reason of the issuance of the said writ of garnishment, not exceeding the sum specified in the undertaking."

While there were other changes made in that section, yet those are not material here.

Counsel for defendants insists that, in view that the affidavit for garnishment was not made and the writ was not issued until more than four years after the action was commenced, the writ was issued without authority of law. It will be observed that the amendment to section 3090, all of which we have set forth, authorizes a writ of garnishment to be issued, and the property, etc., of the debtor in the hands of the garnishee to be attached, before judgment, without the aid of the ordinary writ of attachment which was necessary before section 3090 was amended. Before that section was amended, a writ of garnishment before judgment could only be issued in connection with a writ of attachment, and the writ of attachment could only issue in case one or more of the grounds enumerated in section 3064 existed and was made to appear from the affidavit for the writ of attachment. Under the amendment of 1913, however, the writ of garnishment operates both as a writ of attachment and as a writ of garnishment, and such a writ may now be issued without setting forth any of the grounds enumerated in section 3064. By reference to section 3064 it will be seen that the plaintiff in an action may have a writ of attachment issued "at the

time of issuing the summons or at any time afterwards," if he makes and files the affidavit required by that section, and also files in connection therewith the undertaking required by section 3067. If the plaintiff desires to proceed under the amendment of 1913, however, all he is required to do is to file the affidavit and undertaking required by that amendment. Under the amendment the plaintiff must, however, make the affidavit and file the undertaking "upon the commencement of any personal action," and not, as under section 3064, at the time of issuing the summons or at any time afterwards. It is also important to bear in mind that section 3090, as amended, provides for two methods of garnishment; the first one by issuing the ordinary writ of attachment provided for in section 3064, supra, and in connection therewith and based thereon to have issued the writ of attachment, and the other method is by issuing the writ of garnishment without issuing a separate writ of attachment. By following the second method the writ of garnishment performs the functions of the ordinary writ of attachment, as well as that of a writ of garnishment. In case the first method is pursued, section 3090 provides, "at the time of issuing a writ of attachment in an action or at any time thereafter" a writ of garnishment may issue. If, however, the second method is followed, under the amendment of 1913, it is provided that "upon the commencement of any personal action" a writ of garnishment may be obtained, provided the undertaking is given as provided in said amendment.

As before stated, this action was commenced more than four years before the affidavit of garnishment was filed and the writ issued. Defendant's counsel therefore insists that, in view that the affidavit was not filed and the writ was not issued "upon the commencement" of the action, the writ was improperly issued, and hence the ruling of the court in quashing the writ was not only not erroneous, but was the only ruling the court should have made. Upon the other hand, plaintiff's counsel insist that the phrase "upon the commencement of any personal action" means that the writ may be issued at the time the action is commenced or at

any time thereafter. The question to be decided, therefore, is: What did the Legislature mean by the phrase "upon the commencement of any personal action?"

The prepositions "upon" and "on" ordinarily mean the same thing. The Standard Dictionary has this to say respecting the two words:

"'Upon' now differs little in use from 'on,' the former being sometimes used for reasons of euphony of rhythm, and also preferably when motion into position is involved, the latter when merely rest or support is indicated. When 'upon' has its original meaning of 'up' and 'on,' that is, by means of ascent into a relation of resting or support, it is written as two words, 'up' having its adverbial force; as, 'let us go up on the roof.'"

Practically the same definition is given in Webster's New International Dictionary. A mere glance at the amendment of 1913 shows that the word "upon" was not intended in the sense last referred to in the definition given by the Standard Dictionary. The word must therefore have been used in the sense that the word "on" could have been used quite as well and with equal effect. If, therefore, the phrase "on the commencement of any personal action" had been used, the meaning would have been precisely the same as it now is. The preposition "on" sometimes has the meaning of "at" (at the time of) ; that is, the phrase "on the assembling of Congress the controversy began" means that at the time Congress assembled the controversy began. Again, "on the signal he arose," or "on my entrance he withdrew," refers to a specific time; that is, at the time of my entrance, etc. See Fernald's Connectives of English Speech, p. 131. True, the word "upon" or "on" may not always refer to a precise moment of time. For example: If A. should provide in his will, "I hereby direct that 'upon' the death of my brother James my executor shall pay to his son John the sum of $5,000," the executor would have a reasonable time within which to pay the money. Upon the other hand, if a statute provided, "Upon the death of an ancestor the title to the real estate owned by such ancestor shall vest in his heir," the title would not be held in suspense, but would pass instantly at the death of the

ancestor. Other examples will readily suggest themselves. The foregoing examples, however, merely add force to the contention that the construction contended for by defendant's counsel should prevail, namely, that the phrase "upon the commencement of any personal action," in the amendment of 1913, has reference to the time the action was commenced, and to no other time.

While, in our judgment, under all the rules of construction, the foregoing is the proper construction, yet there is another reason which is quite important and leads to the same result. As pointed out, in section 3064 the language is that the writ of attachment may be issued at the time the summons is issued "or at any time afterward," while in the first part of section 3090, which was not changed by the amendment of 1913, the language is, "at the time of issuing the writ of attachment or at any time thereafter" a writ of garnishment may issue. In both of those sections, therefore, the language is clear and explicit that the writ of garnishment may issue at any time after an action is commenced. In the amendment of 1913, however, the language, to our minds, is just as explicit that the writ of garnishment there provided for shall issue at the commencement of the action and not afterwards. It was not necessary for the Legislature to change the phraseology used in the first part of section 3090, if it were intended that the writ of garnishment could be issued at any time after the action was commenced. Having materially changed the language, however, we are bound to give the language some effect. Naturally and logically no other effect can be given to the change of phraseology than the one we have suggested.

In adopting the amendment the Legislature afforded the creditor an enlarged remedy by attachment, and one which goes far beyond anything theretofore known in this jurisdiction. No doubt it was within the power of the Legislature to enlarge the right of attachment. In doing that, however, it also was within its power to impose any conditions it deemed proper. The condition that if the plaintiff desires to dispense with the issuing of a writ of attachment, but desires to pursue the remedy provided for by the amendment of 1913, he must

have the writ of garnishment issued at the commencement of the action, is both reasonable and fair. If he desires to attach the debtor's property, etc., after the action has been commenced or is pending, he may still do that by complying with section 3064. He may also still aid his attachment by a writ of garnishment as provided for in the first part of section 3090, which was not amended. There is no reason, therefore, why a strained and unnatural construction should be placed on the language used in the amendment of 1913, even though we had the right and the inclination to do that. It is our duty to construe and apply laws enacted by the Legislature as we find them, and, if such laws are inadequate or undesirable, they may easily be changed by the power that enacted them.

In our judgment, the garnishment in this case was issued without authority of law, and therefore the district court committed no error in quashing the writ. While the defendant has urged other defects in the garnishment proceedings, yet, in view that the foregoing disposes of the whole controversy, it is not necessary to pursue the matter further.

The judgment is affirmed, the defendant and garnishee to recover their costs on appeal.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.