486 P.2d 387

**Milan M. BOYCE, Plaintiff and Respondent,**

**v.**

**STATE of Utah, by and through its Road Commission, Defendant and Appellant.**

**No. 12308.**

Supreme Court of Utah.

June 23, 1971.

---

1. Mackay & Knobel Enterprises, Inc., v. Teton Van Gas, Inc., 23 Utah 2d 200, 460 P.2d 828.

Vernon B. Romney, Atty. Gen., Donald S. Coleman, Asst. Atty. Gen., Salt Lake City, for defendant and appellant.

Gayle Dean Hunt, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff commenced these proceedings in the court below seeking to recover damages to property owned by him which resulted from a road construction project undertaken by the defendant. The State moved to dismiss the plaintiff's complaint in the district court and from an adverse ruling the matter has been brought to this court by an interlocutory appeal.

In a prior action the State had commenced proceedings in eminent domain to acquire the property we are here concerned with for highway purposes. The plaintiff here alleges that he acquired by mesne conveyances the property owned by parties defendant in the condemnation proceedings. Plaintiff acquired his interest in the property during the pendency of the prior case. In the condemnation proceedings all of the named defendants entered into a stipulation settling the issue of damages and consented to the entry of a judgment. It appears that the plaintiff was aware of the fact that the State had commenced proceedings to acquire the property we are here concerned with. Plaintiff took no steps to intervene or to petition the court to permit him to intervene in those proceedings but after a judgment had been entered therein he commenced these proceedings wherein he seeks to recover damages claiming that the construction of the highway improvements damaged or destroyed the access to the property he had purchased.

The basis of the plaintiff's claim in this proceeding is that the agents of the State represented that the construction of the highway improvement would not impede or injure the access to the property.

The State of Utah claims that it is immune from suits initiated against it by persons allegedly injured by acts done by its agents. The State has enacted legislation

**140**

waiving sovereign immunity in certain instances. The language of the Governmental Immunity Act[1] provides in part as follows:

Except as may be otherwise provided in this act, all governmental entities shall be immune from suit for any injury which may result from the activities of said entities wherein said entity is engaged in the exercise and discharge of a governmental function.

Section 63–30–10, which sets forth immunity in certain instances, provides as follows:

Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of his employment except if the injury:

\*     \*     \*     \*     \*     \*

(6) arises out of a misrepresentation by said employee whether or not such is negligent or intentional, \* \* \*

It would seem that the State has not waived its immunity from suit for the activities here claimed by the plaintiff. It would therefore appear that the plaintiff's alleged cause of action is barred. While the State makes other contentions as to why the plaintiff's complaint should be dismissed we do not deem it necessary to discuss those matters. The decision of the court below is reversed and the case is remanded to that court with instructions to dismiss the plaintiff's complaint. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Sections 63–30–1 to 63–30–34, U.C.A.1953.