**Jesse Earl BOWLES and Elaine Bowles, his wife, Plaintiffs and Appellants,**

v.

**STATE of Utah, By and Through the UTAH DEPARTMENT OF TRANSPORTATION, Defendant and Respondent.**

**No. 17683.**

Supreme Court of Utah.

Aug. 31, 1982.

Brant H. Wall of Wall & Wall, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Stephen G. Ward, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

This is an appeal from an order of dismissal of a complaint wherein plaintiffs sought to have certain deeds which they had previously executed declared null and void.

In October, 1979, the parties entered into negotiations for the sale and purchase of certain real property in Juab County. The property was to be used in the construction of a portion of Interstate Highway I–15. Defendant needed 39.34 acres, but also sought to purchase an additional long narrow strip of 15.20 acres situated between the freeway and an existing railroad. Defendant offered to purchase the entire 54.54 acres for $33,200. Defendant's agent explained the construction project with the use of strip maps (which were left with plaintiffs) and informed plaintiffs of the basis of defendant's offer to purchase.

In December, 1979, plaintiffs executed four deeds of conveyance to defendant. In January, 1980, plaintiffs notified defendant that they considered the conveyances to be null and void because of material misrepresentations on the part of defendant's agent.[1] Defendant responded in writing and advised plaintiffs that the conveyance was valid and binding. Defendant thereupon tendered $33,200 to plaintiffs, which was rejected, allegedly for the reasons stated. The deeds were subsequently recorded.

Plaintiffs filed their complaint in July, 1980. Defendant tendered the $33,200 to the court clerk and moved to dismiss. Memoranda were filed with the court by both parties. After a hearing, the trial court ruled that plaintiff's claim "is based upon a misrepresentation by a state employee either negligently or intentionally made. This falls expressly within U.C.A., § 63–30–10(6) wherein governmental im-

---

1. Plaintiffs allege the following misrepresentations: (1) the land was worth substantially more than the defendant's "study" indicated; (2) the mineral interests would be reserved to plaintiffs' and (3) the land between the freeway and the railroad would be totally "land-locked." Plaintiffs also contend that defendant took unfair advantage, knowing that plaintiff Jesse Bowles was in ill health and convalescing from recent heart surgery.

munity is not waived . . . ." The court held that *Boyce v. State,* 26 Utah 2d 138, 486 P.2d 387 (1971) was controlling and dismissed the complaint without prejudice.

█ Plaintiffs filed a timely notice of appeal and defendant moved to dismiss the appeal in that an order of dismissal without prejudice is not a final order from which an appeal lies. This Court deferred ruling on defendant's motion to dismiss the appeal (on the question of finality) until plenary presentation and consideration of the case. We now consider the issue of appealability.

The narrow question of finality of a dismissal *without prejudice* has never been specifically addressed by this Court. Plaintiffs cite *Winnovich v. Emery,* 33 Utah 345, 93 P. 988 (1908) for the following proposition:[2]

> The test of finality for the purpose of an appeal, therefore, is not necessarily whether the whole matter involved in the action is concluded, but whether the particular proceeding or action is terminated by the judgment. If it is, and, in order to proceed farther with regard to the same subject-matter, a new action or proceeding must be commenced, then, as a general rule, the judgment which ends the particular action or proceeding is final for the purposes of an appeal, if an appeal is permissible at all.

Although that language is only dicta as it pertains to this case, other jurisdictions have applied comparable analyses to a dis-

missal of a complaint without prejudice.[3] The general rule seems to be whether the *effect* of the ruling is to finally resolve the issues.

In the instant case, plaintiffs contend that the dismissal was on the "legal merits of plaintiff's action." They claim that until that ruling is reviewed, they cannot move further. We agree. The trial court's ruling does go to the legal merits of any cause plaintiffs may frame and hence it is appealable.

█ In addressing the merits of the case (specifically the question of sovereign immunity), both parties have attempted to construe it as a law action. Defendant asserts that it sounds in tort and plaintiffs assert that it sounds in contract. Nevertheless, we believe that this is an equitable action—brought to cancel an otherwise valid deed due to alleged fraud or misrepresentation on the part of defendant's agent.[4]

In *El Rancho Enterprises v. Murray City Corp.,* Utah, 565 P.2d 778 (1977), we held that governmental immunity is not a defense to equitable claims. It was therefore error summarily to dismiss plaintiffs' complaint.

The judgment is reversed and the case is remanded for trial. No costs awarded.

---

**2.** See also, *Klinge v. Southern Pacific Co.,* 89 Utah 284, 57 P.2d 367 (1936); *Bristol v. Brent,* 35 Utah 213, 99 P. 1000 (1909).

**3.** There are numerous rulings to the effect that a dismissal may be final for the purpose of appeal although it is without prejudice to the bringing of another action, finality for this purpose being taken as meaning that the decision puts an end to the particular suit in which it is rendered, whether or not it finally determines the rights of the parties. 4 Am.Jur.2d, Appeal and Error § 108 and cases cited therein. See also, *Sherry v. Sherry,* Alaska, 622 P.2d 960 (1981) and *Carter v. Small Business Administration,* 40 Colo.App. 271, 573 P.2d 564 (1977).

**4.** See 27 Am.Jur.2d, Equity § 20.