OPINION
 

 ORME, Judge:
 

 11 Petitioner Kelari Mecham seeks our review of an order issued by the Utah Labor Commission (the Commission). The order affirmed an administrative law judge's decision dismissing Petitioner's request for permanent total disability compensation on behalf of Thomas Keller, who was deceased at the time the claim was filed. We conclude that the Commission ruled correctly.
 

 BACKGROUND
 

 1 2 Keller sustained severe burns during a workplace accident in July 1975. In 1978, the Industrial Commission, predecessor to the Commission, approved a permanent partial disability agreement and lump-sum payment to Keller based on a twenty-five percent impairment. -In December 2000, Keller
 
 *1214
 
 filed a request for a hearing, seeking permanent total disability compensation based on his 1975 accident (the 2000 claim). No hearing was held before Keller died in September 2002. An administrative law judge dismissed Keller's claim without prejudice on October 283, 2002, and the dismissal was not appealed.
 

 T3 In April 2005, Petitioner, the personal representative of Keller's estate, sought permanent total disability compensation on behalf of Keller's heirs by filing an amended application for a hearing (the 2005 claim). A different administrative law judge (the ALJ) dismissed this claim with prejudice in June 2006, and the Commission affirmed the decision in March 2009.
 
 [1]
 
 Petitioner then filed a petition seeking our review of the Commission's decision.
 

 ISSUE AND STANDARDS OF REVIEW
 

 {4 Petitioner challenges the Commission's decision affirming the ALJ's dismissal. "We will disturb the Commission's findings of fact only if they are clearly erroneous." Salt Lake City Corp. v. Labor Comm'n, 2007 UT 4, ¶13, 153 P.3d 179. "We review the legal determinations ... under a correction-of-error standard, ceding the [Commission] no deference as appellate courts have 'the power and duty to say what the law is and to ensure that it is uniform throughout the jurisdiction'" Id. (citation omitted).
 

 ANALYSIS
 

 T5 Prior to 2008, upon an employee's death any worker compensation disability claim not reduced to an award was lost and could not be claimed by the employee's estate
 
 [2]
 
 See Pacific States Cast Iron Pipe Co. v. Industrial Comm'n, 118 Utah 46, 218 P.2d 970, 972-78 (1950) (discussing Utah law and specifically the case of Heiselt Constr. Co. v. Industrial Comm'n, 58 Utah 59, 197 P. 589 (1921), which determined that no rights vested until an award was made and because no award was made during the employee's life, no rights vested that could be asserted "by the employee's estate" after the employee's death). CJ. Parker v. Industrial Comm'n, 87 Utah 468, 50 P.2d 278, 278 (1985) (determining that once an award had been made, the employee had a vested right that his estate was entitled to enforce). In 2008, however, the Legislature amended the statute to allow a personal representative to "adjudicate an employee's claim for compensation" if "the employee files a claim ... before the employee dies" and the employee would be entitled to compensation under the Workers' Compensation Act or the Occupational Disease Act. See Utah Code Ann. § 34A-2-4283(2) & amend. notes (2005).
 

 16 The 2008 amendment allows greater flexibility and expressly permits a deceased employee's personal representative to pursue a claim to final adjudication so long as the employee filed the claim before his death. However, because "the law existing at the time of the injury applies" to a disability claim, Brown & Root Indus. Serv. v. Industrial Comm'n, 947 P.2d 671, 675 (Utah 1997), the 2003 amendment does not apply to this case. Nee Silver King Coal. Mines Co. v. Industrial Comm'n, 2 Utah 2d 1, 268 P.2d 689, 691 (1954) ("With respect to time, the right to compensation for an injury, under the workmen's compensation acts is governed, in the absence of any provision to the contrary, by the law in force at the time of the occurrence of such injury.") (citation and internal quotation marks omitted). Accordingly, the rule in effect before the 2003 amendment controls this case, and we must uphold the Commission's affirmance of the ALJ's dismissal because no award had been
 
 *1215
 
 made on Keller's permanent total disability claim at the time of his death.
 
 [3]
 
 See Heiselt Constr., 197 P. at 591 (determining that no rights vested until an award was made and because no award was made during the employee's life, no rights vested that could be asserted "by the employee's estate" after the employee's death).
 

 CONCLUSION
 

 T7 The Commission ruled correctly. We decline to disturb its decision affirming the ALJ's dismissal of Petitioner's 2005 claim.
 

 8 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge, and J. FREDERIC VOROS JR., Judge.
 

 [1]
 

 . The parties have offered no explanation for the three-year gap between the ALJ's dismissal and the Commission's affirmance.
 

 [2]
 

 . We note that an employee's disability claim is distinct from a dependant's right to file a claim for dependent benefits and burial expenses. These separate benefits have long been expressly allowed by statute. See Utah Code Ann. § 35-1-68 (1974) (allowing claims for dependents of employees whose industrial injuries result in death); id. § 34A-2-702 (Supp.2010) (same); Halling v. Industrial Comm'n, 71 Utah 112, 263 P. 78, 80 (1927) ('The wife and children do not succeed to the husband's or father's cause of action; that dies with him. But, immediately upon his death, a new cause of action arises in their favor. The statute then gives them a new cause of action. It does not revive or continue the husband's or father's cause of action.") (citations and internal quotation marks omitted).
 

 [3]
 

 . In declining to disturb the Commission's order on this straightforward basis, we do not mean to imply that the result would be different if the 2003 amendment applied to this case. Petitioner makes much of the fact that the 2000 claim was dismissed without prejudice and seems to suggest that the 2005 claim-filed three years after Keller's death-related back to, or was somehow merely a restatement of, the 2000 claim that was filed while Keller was alive. However, when the 2000 claim was dismissed and no rehearing or judicial review was sought, the dismissal became final. The 2005 claim was thus a new claim rather than a refiling of the 2000 claim, as may have been the case if the 2005 claim had been filed within days or weeks after the 2000 claim was dismissed without prejudice. Cf. Coroles v. Sabey, 2003 UT App 339, 147 n. 24, 79 P.3d 974 (discussing the available options to a party that has had a claim dismissed without prejudice, e., the party can correct any deficiencies and file an amended complaint or '" 'stand on [the] complaint' by pursuing [an] appeal") (citation omitted). And Petitioner's arguments that the 2000 claim was improperly dismissed are wide of the mark in this proceeding that concerns only the dismissal of the 2005 claim.