IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Carl McClellan, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20100979-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 8, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 316 |
| Respondent and Appellee. | ) | |

-----

Fourth District, Provo Department, 100403404
The Honorable Samuel D. McVey

Attorneys:    Michael P. Studebaker, Ogden, for Appellant
              Mark L. Shurtleff and Christopher D. Ballard, Salt Lake City, for
              Appellee

-----

Before Judges Thorne, McHugh, and Christiansen.

McHUGH, Judge:

¶1     Carl McClellan claims that the trial court erred in dismissing his petition for postconviction relief without first conducting a hearing or permitting him to respond to the State's motion to dismiss. We dismiss his appeal for lack of subject matter jurisdiction.

¶2     McClellan was convicted of first degree felony rape on August 30, 1988, and was sentenced shortly thereafter to five years to life in prison. For reasons not relevant here, McClellan was resentenced in October 2005, which allowed him to file a timely direct appeal. By that time, McClellan had been released from prison and was on parole. This

court affirmed McClellan's 1988 conviction, *see generally State v. McClellan*, 2008 UT App 48, 179 P.3d 825, but the Utah Supreme Court reversed our decision in part and remanded to the trial court for a new trial, *see State v. McClellan*, 2009 UT 50, 216 P.3d 956. Rather than retry McClellan, the State dismissed the charge.

¶3      On August 11, 2010, McClellan filed a civil petition against the State for a determination of factual innocence under the Postconviction Determination of Factual Innocence statute (the Factual Innocence Statute), seeking compensation for the years he had spent in prison. *See* Utah Code Ann. §§ 78B-9-401 to -405 (LexisNexis 2008 & Supp. 2012). In his petition, McClellan identified three pieces of evidence that he claimed had been newly discovered and supported a finding of factual innocence. The evidence included the supreme court's opinion vacating his sentence, the State's decision not to retry him, and his representation that a DNA expert was prepared to testify that there was no physical or DNA evidence to support the allegation of rape.

¶4      Without being asked to respond, the State filed a motion to dismiss the petition on November 4, 2010. *See* Utah R. Civ. P. 65C(h)–(i) (providing that the State is not served until the trial court reviews a petition for postconviction relief to determine if it raises any nonfrivolous issues). The following day, the trial court issued an order dismissing the petition, which also stated that the State's motion was premature. McClellan filed a timely appeal of that decision.

¶5      On appeal, McClellan claims that the trial court erred by dismissing the petition because it was required to hold a hearing before determining that it was frivolous.[1] The State contends that we should not consider this argument because the trial court's order is not final and, therefore, this court lacks subject matter jurisdiction. *See* Utah R. App. P. 3(a) ("An appeal may be taken from a district or juvenile court to the appellate court with jurisdiction over the appeal from all final orders and judgments . . . ."). Whether we have subject matter jurisdiction is a threshold issue, which can be raised at any time and must be addressed before the merits of other claims. *See Housing Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724. "Whether this court has jurisdiction to hear an appeal is a question of law." *Pearson v. South Jordan Emp. Appeals Bd.*, 2009 UT App 204, ¶ 8, 216 P.3d 996 (citation and internal quotation marks omitted).

---

[1]Rule 65C provides that a petitioner for postconviction relief is entitled to a hearing only after the trial court reviews the petition to determine if "any claim has been adjudicated in a prior proceeding, or if any claim in the petition appears frivolous on its face." *See* Utah R. Civ. P. 65C(h)–(i), (l).

¶6    Therefore, we begin our analysis with an examination of whether the trial court's order is final and appealable. The Factual Innocence Statute requires the assigned judge to "conduct an initial review of the petition" and provides that, "[i]f it is apparent to the court that the petitioner is . . . presenting issues that appear frivolous or speculative on their face, the court shall dismiss the petition . . . ." *See* Utah Code Ann. § 78B-9-402(9)(b) (LexisNexis Supp. 2012); *see also* Utah R. Civ. P. 65C(h) (same). In its November 5, 2010 decision dismissing the petition, the trial court considered each of the grounds advanced by McClellan as evidence of his factual innocence. The trial court rejected McClellan's claims that the supreme court's opinion vacating his sentence and the State's decision not to retry him were evidence of his factual innocence, finding those claims to be frivolous.[2] The trial court also dismissed McClellan's third claim that "'[a] DNA expert is prepared to testify about the fact that the destroyed evidence from the State would support the fact there [was] no physical or DNA evidence to support any claims that [McClellan] is guilty of the crime charged,'" because it lacked the specificity required by statute and rule.[3] *See* Utah Code Ann. § 78B-9-402(2)–(3) (setting forth the required contents of the petition); Utah R. Civ. P. 65C(d)–(e) (same). Therefore, the trial court dismissed McClellan's petition as frivolous, "with the exception that the DNA expert claim [was] dismissed without prejudice as speculative."

¶7    While a dismissal without prejudice is typically not "a final, appealable order," *see Hales v. Oldroyd*, 2000 UT App 75, ¶ 1 n.2, 999 P.2d 588, that is not the case where "the *effect* of the ruling is to finally resolve the issues," *see Bowles v. State ex rel. Utah Dep't of Transp.*, 652 P.2d 1345, 1346 (Utah 1982) (per curiam). Likewise, the dismissal of a postconviction petition without prejudice is generally not a final order. *See Finlayson v. State*, 2006 UT App 95U, para. 3 (per curiam) (holding that an order dismissing a postconviction petition without prejudice to the petitioner's right to file an amended petition within thirty days was not final and appealable). This is because the petitioner can "proceed farther" in the action by filing an amended petition. *See Bowles*, 652 P.2d at 1346 (stating that, if "in order to proceed farther with regard to the same subject-matter, a new action or proceeding must be commenced, then, as a general rule, the judgment . . . is final for purposes of an appeal" (internal quotation marks omitted)). Where that is not the case, however, the reasoning of *Bowles* supports the conclusion that the order is final and appealable. Therefore, to determine whether the trial court's order dismissing

---

[2]McClellan does not challenge those determinations on appeal.

[3]The trial court indicated that McClellan had not provided an affidavit from the unidentified DNA expert, had not explained how this evidence was newly discovered, and had not clarified the precise theory that such an expert would advance.

McClellan's postconviction petition without prejudice is final, we consider "not only the language, but also the effect of [the] dismissal order." *See Barton v. Utah Transit Auth.*, 872 P.2d 1036, 1038 n.3 (Utah 1994). If it effectively "'ends the controversy between the parties,'" it is a final order. *See York v. Performance Auto, Inc.*, 2011 UT App 257, ¶ 4, 264 P.3d 212 (quoting *Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649). McClellan claims that the trial court's order dismissing the petition is such a final order.

¶8      "[O]rders which dismiss a [petition] without prejudice with leave to amend are not deemed final until . . . the plaintiff has announced its intention to stand on its [petition]." *Brennan v. Kulick*, 407 F.3d 603, 606 (3rd Cir. 2005). Once the time for filing an amended petition has expired, such an intention is evident. *See Mecham v. Labor Comm'n*, 2010 UT App 283, ¶ 6 n.3, 241 P.3d 1217 (stating that a dismissal without prejudice of an administrative claim became final when the petitioner did not take further action in that proceeding). Thus, we now consider whether McClellan can still amend his petition.

¶9      The Factual Innocence Statute provides that a petition for factual innocence is generally governed by rule 65C of the Utah Rules of Civil Procedure. *See* Utah Code Ann. § 78B-9-402(7). In turn, rule 65C states,

> If a claim is not frivolous on its face but is deficient due to a pleading error or failure to comply with the requirements of this rule, the court shall return a copy of the petition with leave to amend within 20 days. The court may grant one additional 20 day period to amend for good cause shown.

*See* Utah R. Civ. P. 65C(h)(3). Under the rule, the petitioner has twenty days from the date that the trial court returns a copy of the petition to amend or to seek an extension of the time to amend. *See id*. Where a petitioner declines the court's invitation to amend the petition and that time expires, the motion to dismiss has effectively become final because the petitioner can no longer move forward in the action. Under these circumstances, the petitioner has chosen to stand on the original petition and a timely appeal from the dismissal without prejudice may be treated as final.

¶10      Although the trial court here dismissed the claim of factual innocence based on the unnamed DNA expert without prejudice, there is nothing in the record which indicates that it returned a copy of the petition to McClellan with notice that he had leave to amend it within twenty days. Nor is there anything in the record that reflects McClellan's intention to stand on the complaint. *Cf. Bonneville Tower Condo. Mgmt.*

*Comm. v. Thompson Michie Assocs., Inc.*, 728 P.2d 1017, 1019 (Utah 1986) (per curiam) (indicating that the plaintiff "chose to stand on its complaint" rather than amend it to add an indispensable party after a dismissal without prejudice, resulting in the trial court's entry of a second order dismissing the complaint with prejudice). Thus, the time limitation on McClellan's right to file an amended petition did not commence, and he is not barred from filing an amended petition.[4] As a result, the trial court's dismissal without prejudice of the factual innocence claim based on DNA evidence is not a final, appealable order because it did not adjudicate the claim's merits or prevent McClellan from moving forward in the proceeding. Because McClellan's appeal is not from a final order, we do not have jurisdiction to consider it. *See Bradbury v. Valencia*, 2000 UT 50, ¶ 11, 5 P.3d 649. We "retain[] only the authority to dismiss the action." *See Varian-Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct. App. 1989).

¶11    Appeal dismissed.


_____
Carolyn B. McHugh, Judge


-----

¶12    WE CONCUR:


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge

_____

[4]The State conceded at oral argument that McClellan is not barred from amending his petition to provide the specificity required under the statute, which could include actual test results confirming the presence or absence of DNA on a cushion or clothing, *see* Utah Code Ann. § 78B-9-301(2) (LexisNexis Supp. 2012) (providing for postconviction testing of DNA); an affidavit from an identified, rather than a hypothetical, expert interpreting those results; and an explanation of how this evidence proves McClellan's factual innocence, *see id*. § 78B-9-402(2)(a); Utah R. Civ. P. 65C(e)(1).