**ARISTA RECORDS, L.L.C.,**
**et al., Plaintiffs,**

v.

**Delina TSCHIRHART, Defendant.**

**No. SA–05–CA–372–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 21, 2006.

---

Daniel Scott, Lisa L. Honey, Stacy R. Obenhaus, Gardere Wynne Sewell LLP, Dallas, TX, Geoffrey H. Bracken, Gardere Wynne Sewell, LLP, Houston, TX, Katheryn J. Coggon, Timothy M. Reynolds, Holme Roberts & Owen LLP, Denver, CO, for Plaintiffs.

Ronald J. Shaw, The Shaw Law Firm, PC, San Antonio, TX, for Defendant.

## ORDER

ORLANDO L. GARCIA, District Judge.

Before the Court are plaintiffs' motion for terminating sanctions and for leave to file first amended complaint. Plaintiffs allege that defendant willfully destroyed critical evidence on her computer hard drive after notice of the lawsuit, notice of her obligation to preserve such evidence, and notice of this Court's order to produce her hard drive to plaintiffs so that a duplicate could be made for examination by plaintiffs' computer forensics expert. Plaintiffs contend that defendant deliberately used "wiping" software to permanently remove data from her hard drive—and then attempted to cover her tracks by deleting the "wiping" software—before producing the hard drive to plaintiffs in accordance with the Court's order.

Defendant's hard drive was examined by plaintiffs' computer forensics expert, David J. Schroeder, who prepared a written report. Schroeder's report was in turn examined by Wayne Marney, defendant's expert. Schroeder's inspection determined that two disk-cleaner utility programs (the "wiping software") were used to permanently remove data from the hard drive. Marney does not dispute this. Data were first deleted in December 2006 after defendant had been served with this suit and had received plaintiffs' letters requesting inspection of her hard drive. Data were again deleted on January 26, 2006, the day after the Court signed the

order granting plaintiffs' motion to compel inspection. (Docket no. 22.) Again, Marney does not dispute that wiping occurred on January 26. Schroeder's inspection also indicated that the wiping software was deleted before the production of her hard drive.

While no one disputes that data were removed, Marney submits that the wiping of the data on January 26 at 9:23 a.m. is consistent with defragmentation of the hard drive. He states the last defragmentation occurred on January 30 at 1:53 p.m. Defendant suggests that the defragmentation program is run automatically. The evidence is inconsistent with an automatic defragmentation program. Such automatic programs are typically set up to run on daily, weekly, or monthly schedules—not every four days, four hours, and 30 minutes. If the defragmentation program was not run automatically, it indicates that someone intentionally ran the program on January 26, which would be consistent with an intent to destroy data.

Despite the destruction of data, Schroeder was able to identify on the hard drive the presence of the same username, "ugotburnedby21", that plaintiffs' investigators had identified as using the iMesh peer-to-peer (P2P) file-sharing program to offer the music files for P2P distribution. Schroeder's inspection also showed that iMesh and another file-sharing program, BearShare, were once located on the hard drive and that defendant's computer was used to download more than 200 sound recordings from January 2005 through October 2005. Marney agreed that BearShare and iMesh were previously used on defendant's computer and that the hard drive contains evidence that it has used P2P software with music saved to the path "C:My Downloads" in 2005. All of these sound recordings were deleted from the hard drive before defendant produced it to plaintiffs.

Defendant admitted in her deposition that she was aware in November and December of 2005 that plaintiffs wanted to make a mirror image of her hard drive and that it was important for her not to delete any information from the computer. She further testified that she knew then that she had an obligation to preserve whatever information was on her computer relating to the suit. She also testified that she was aware that the plaintiffs had filed their January 4 motion to compel inspection, that her attorney had filed an opposition on her behalf, and that the Court had granted the motion and ordered that her hard drive be imaged.

The expert testimony is largely undisputed and indicates that the defendant destroyed material evidence. Further, she destroyed the evidence after the obligation to preserve it arose and after she had clear notice of that obligation. The Court is forced to conclude that defendant destroyed the material evidence deliberately and in bad faith. The only question remaining is what sanction to apply.

Plaintiffs argue that intentional destruction of evidence, especially in light of an order to produce the hard drive, calls for the most severe sanction, that is, a default judgment in their favor. Defendant argues that if sanctions are to be applied, the Court should apply a lesser sanction that will adequately punish her and deter the abusive conduct without depriving her of the right to defend herself against this suit.

A district court possesses the inherent power to sanction a litigant by dismissing the case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The inherent powers of federal courts, however, "must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). This inherent power arises only when the litigation is instigated or conducted in bad faith or when the litigant or counsel "willfully abuse judicial processes." *Breazeale v. Smith*, 857 F.2d 258, 261 (5th Cir.1988). In the context of the federal court's inherent power, "bad faith" is judged by "necessarily stringent" standards. *Batson v. Neal Spelce Associates, Inc.*, 805 F.2d 546, 550 (5th Cir.1986).

FED. R. CIV. P. 37(b)(2) permits a court to issue such orders "as are just" to sanction a party who fails to obey an order to provide or permit discovery. To support the severest sanctions under Rule 37(b)—striking pleadings or dismissing a case—the Fifth

Circuit has usually required a finding of bad faith or willful conduct. *Pressey v. Patterson*, 898 F.2d 1018 1021 (5th Cir.1990). The Fifth Circuit has specifically required, in addition to a finding of bad faith, several factors which must be present prior to dismissing a case for violating a discovery order. Those factors include: (1) that the violation of the discovery order be attributable to the client instead of the attorney; (2) that the violating party's misconduct must cause substantial prejudice to the opposing party and; (3) a finding that less drastic sanctions would not be appropriate. *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir.1994).

■■ The Court has already concluded that defendant's destruction of evidence was willful and in bad faith. Further, the computer belonged to defendant, was located in her house, was under her control, and she and her two children were the only persons who had access to the computer. According to the depositions of defendant and her children, her children were unaware of the mandated inspection until defendant removed the computer from the house. There is no reason to suspect that defendant's attorney had anything to do with the destruction of the evidence. Therefore, the Court finds that the destruction of evidence is attributable to defendant.

■■ The Court also finds that the destruction of evidence in this case has substantially prejudiced plaintiffs in proving their case. Defendant has strenuously denied throughout this lawsuit that she violated plaintiffs' copyrights. The best proof of whether she did so would be to examine her computer's hard drive which would show, among other things, the existence of any P2P file-sharing programs and the presence of plaintiffs' copyrighted sound recordings. Unfortunately, that information is now largely gone and permanently irretrievable. Plaintiffs are left to prove their case with the scant and piecemeal evidence remaining. By destroying the best evidence relating to the central issue in the case, defendant has inflicted the ultimate prejudice upon plaintiffs.

Defendant argues that plaintiffs have not been prejudiced, pointing to the evidence Schroeder was able to piece together from the hard drive regarding the one-time presence of iMesh and the presence of the username "ugotburnedby21." This evidence is no substitute, of course, for evidence that one would have expected to find on the hard drive such as dates and times of downloads of sound recordings, logs of online file-sharing activity, usernames associated with file-sharing activity, and other direct evidence of downloading and distributing sound recordings. Such evidence goes to the very heart of plaintiffs' case, and its destruction prevents plaintiffs from offering the best proof available for their case.

■■ "[W]hen a defendant demonstrates flagrant bad faith and callous disregard of its responsibilities, the district court's choice of the extreme sanction is not an abuse of discretion." *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1380 (5th Cir.1976). "[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Thus, the deterrent effect in the present case is not that a lesser sanction would dissuade defendant from destroying further evidence on her hard drive. That evidence is already gone. The sanction in the present case is to deter other defendants in similar cases from attempting to destroy or conceal evidence of their wrongdoing. The Court is of the opinion that lesser sanctions such as awarding plaintiffs attorney fees or giving the jury an adverse inference instruction at trial, *see, e.g. Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir.2004), would not provide sufficient deterrence from similar behavior in other cases. One who anticipates that compliance with discovery rules and the resulting production of damning evidence will produce an adverse judgment, will not likely be deterred from destroying that decisive evidence by any sanction less than the adverse judgment she is tempted to thus evade.

In this case, defendant's conduct shows such blatant contempt for this Court and a fundamental disregard for the judicial process that her behavior can only be adequately sanctioned with a default judgment. No lesser sanction will adequately punish this behavior and adequately deter its repetition in other cases.

Plaintiffs' motion for terminating sanctions (docket no. 51) is GRANTED. Within thirty days of this order, plaintiffs shall submit a proposed order of default judgment that sets out their damages in this case. In addition to default judgment, plaintiffs are entitled to an award of costs and fees relating to the present motion for terminating sanctions. *See* FED. R. CIV. P. 37(b)(2), 37(c)(1). These expenses were incurred as a direct result of defendant's misconduct and she shall bear those costs. Plaintiffs are given leave to file a petition detailing these fees and costs within thirty days.