2011 UT App 28

**DAYNIGHT, LLC, Plaintiff and Appellant,**

v.

**MOBILIGHT, INC., Defendant and Appellee,**

v.

**KK Machinery Pty. Ltd.; Paul Lamarr; and Cory Rowe, Third-party Defendants and Appellants.**

No. 20091088–CA.

Court of Appeals of Utah.

Jan. 27, 2011.

Richard F. Ensor and Kari A. Tuft, Salt Lake City, for Appellants.

Rinehart L. Peshell, Richard M. Matheson, and Jonathon D. Parry, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

ORME, Judge:

¶ 1 Appellants Daynight, LLC; KK Machinery Pty. Ltd.; and Paul LaMarr (collectively, KK Machinery) appeal the district court's decision to grant appellee Mobilight, Inc.'s motion for sanctions and the court's subsequent entry of default judgment against KK Machinery. KK Machinery also appeals the district court's ruling granting attorney fees and costs to Mobilight. We affirm.

## I. Default Judgment

¶ 2 At oral argument, KK Machinery conceded that it takes no issue with the district court's basic decision to impose sanctions against it, but rather contends that the district court abused its discretion by entering a default judgment against it—a sanction KK Machinery considers excessive and unduly harsh.[1] KK Machinery's arguments rely heavily on the jurisprudence of discovery sanctions found in rule 37(b)(2) of the Utah Rules of Civil Procedure.[2] *See* Utah R. Civ.

---

1. In its appellate brief, KK Machinery argues that the district court abused its discretion by imposing *any* sanctions against it for the destruction of evidence because its destruction of the evidence was not willful, in bad faith, or part of a pattern of egregious behavior that disregarded court orders. To some extent, KK Machinery utilizes these same arguments later in its brief to contend that the district court's use of default judgment as a sanction was unusually harsh. However, given KK Machinery's concession at oral argument that some type of sanction against it was indeed appropriate in this case, we turn our attention directly to its severity-of-sanction argument, and we address its individual arguments against the propriety of any sanction only to the extent that they also relate to the severity-of-sanction issue.

2. KK Machinery cites cases interpreting rule 37(b)(2) of the Utah Rules of Civil Procedure, *see* Utah R. Civ. P. 37(b)(2), a provision that is not at

P. 37(b)(2). "Trial courts have 'broad discretion in selecting and imposing sanctions for discovery violations.'" *Tuck v. Godfrey,* 1999 UT App 127, ¶ 15, 981 P.2d 407 (citation omitted), *cert. denied,* 984 P.2d 1023 (Utah 1999). "Appellate courts may not interfere with such discretion unless abuse of discretion is clearly shown" through "'either an erroneous conclusion of law or [where there is] no evidentiary basis for the trial court's ruling.'" *Id.* (citation omitted). *See Kilpatrick v. Bullough Abatement, Inc.,* 2008 UT 82, ¶ 23, 199 P.3d 957 (stating that a trial court's discovery sanction decision is reviewed for a clear abuse of discretion). KK Machinery's reliance on discovery case law, though understandable given rule 37(g)'s reference to rule 37(b)(2) sanctions, is ultimately misplaced. In our view, spoliation under rule 37(g), meaning the destruction and permanent deprivation of evidence, is on a qualitatively different level than a simple discovery abuse under rule 37(b)(2), which typically pertains only to a delay in the production of evidence. *Compare* Utah R. Civ. P. 37(b)(2) *with id.* 37(g). Contrary to KK Machinery's assertions, rule 37(g) of the Utah Rules of Civil Procedure does not require a finding of "willfulness, bad faith, fault or persistent dilatory tactics" or the violation of court orders before a court may sanction a party. Rule 37(g) states:

> Nothing in this rule limits the inherent power of the court to take *any action authorized by Subdivision (b)(2)* if a party destroys, conceals, alters, tampers with or fails to preserve a document, tangible item, electronic data or other evidence in violation of a duty. Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system.

*Id.* 37(g) (emphasis added). Thus, a district court has the power to take "any action authorized by [rule 37](b)(2)," *id.,* including entry of a default judgment, *see id.* 37(b)(2)(C). Furthermore, even if rule 37(g) did require a showing of "willfulness" on the part of KK Machinery, the district court concluded that KK Machinery "chose to willfully and in bad faith destroy the laptop," as evidenced in the KK Machinery-produced video, wherein KK Machinery employees spoke of their destruction of "potential[ly] harmful evidence that might link [them] to any sort of lawsuit." Moreover, KK Machinery's destruction of the laptop does not qualify for rule 37(g)'s good-faith exception because, although the employees claimed they were destroying the laptop to avoid harassment from Mobilight, KK Machinery had already filed a complaint for trespass against Mobilight five days before the laptop was destroyed. Additionally, actions and words attributable to KK Machinery after it filed suit, including throwing the laptop off a building; running over the laptop with a vehicle; and stating, "[If] this gets us into trouble, I hope we're prison buddies," unquestionably demonstrate bad faith and a general disregard for the judicial process.

 ¶ 3 While we agree that a default judgment sanction is an extreme one, *see W.W. & W.B. Gardner, Inc. v. Park W. Vill., Inc.,* 568 P.2d 734, 738 (Utah 1977), and "should be meted out with caution," *Darrington v. Wade,* 812 P.2d 452, 456 (Utah Ct.App. 1991), we nevertheless recognize the district court's authority to enter a default judgment if a party engages in obstruction of justice or conduct demonstrating bad faith, *see Chen v. Stewart,* 2005 UT 68, ¶¶ 36, 43, 123 P.3d 416. In particular, we note that courts around the nation frequently grant default judgments against parties who intentionally destroy evidence, including evidence stored in computers and on hard drives. *See, e.g., Arista Records, LLC v. Tschirhart,* 241 F.R.D. 462,

issue in this case. Rather, at issue is rule 37(g), *see id.* 37(g), upon which the district court granted Mobilight's motion for sanctions against KK Machinery. KK Machinery readily admits that there is no case law interpreting rule 37(g), which became effective in 2007. Therefore, all of the cases that KK Machinery cites in support of its "willfulness, bad faith, fault or persistent

dilatory tactics" arguments are cases analyzing provisions other than rule 37(g). Moreover, most of these same cases were actually decided before the 2007 amendment of rule 37. Furthermore, the facts at issue in KK Machinery's cited authorities are easily distinguished from the facts of this case. For these reasons, we are unpersuaded by KK Machinery's cited authorities.

466 (W.D.Tex.2006); *Metropolitan Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union,* 212 F.R.D. 178, 222 (S.D.N.Y.2003); *QZO, Inc. v. Moyer,* 358 S.C. 246, 594 S.E.2d 541, 547 (2004), *cert. denied,* 2005 S.C. LEXIS 433 (S.C. Apr. 25, 2005). Given these legal standards and the facts of this case, we see no abuse of discretion in the district court's decision and conclude that the district court's use of default judgment as a sanction was not unduly harsh.

## II. Attorney Fees

¶ 4 KK Machinery asserts that the district court abused its discretion by awarding Mobilight its requested attorney fees and costs. Specifically, KK Machinery claims Mobilight failed to properly apportion its fees and costs. A trial court's award of attorney fees is reviewed for an abuse of discretion. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 315 (Utah 1998).

¶ 5 KK Machinery correctly states that Mobilight and the district court are required "to allocate the prevailing party's attorney fees among those claims for which it is entitled to an award of attorney fees and those for which it is not." *Ellsworth Paulsen Constr. Co. v. 51–SPR, LLC,* 2006 UT App 353, ¶ 46, 144 P.3d 261, *aff'd,* 2008 UT 28, 183 P.3d 248. When the district court granted default judgment against KK Machinery, Mobilight was only entitled to an award of attorney fees and costs with respect its first, fourth, and sixth claims for relief.[3] However, a party need not segregate its compensable and noncompensable claims if they sufficiently overlap and involve the same nucleus of facts. *See Dejavue, Inc. v. U.S. Energy Corp.,* 1999 UT App 355, ¶ 20, 993 P.2d 222 ("[W]hen a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on at

least some of its claims, it is entitled to compensation for all attorney fees reasonably incurred in the litigation."), *cert. denied,* 4 P.3d 1289 (Utah 2000). Mobilight's first, fourth, and sixth claims for relief share a common nucleus of facts and theories with Mobilight's second, third, fifth, tenth, and thirteenth claims for relief, on which Mobilight received default judgment but had no authorization in contract or statute for an award of attorney fees. Given that reality, Mobilight was not required to apportion fees among its compensable and noncompensable claims. *See id.* ¶ 21.

¶ 6 As to KK Machinery's argument that Mobilight failed to segregate fees that relate to the claims remaining to be tried in this case, it is clear from the differences in the first and second affidavits of Mobilight's counsel that no fees for work done on claims remaining to be tried were included in the second affidavit. Moreover, the district court carefully reviewed Mobilight's counsel's affidavits and "determine[d] that the *apportioned* amount of fees sought"—and the emphasis is the district court's—"[was] appropriate and necessarily incurred in furtherance of Mobilight's trade secret-related claims." We see no error in the district court's decision to award attorney fees and costs to Mobilight as it did.[4]

¶ 7 Affirmed.

¶ 8 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and CAROLYN B. McHUGH, Associate Presiding Judge.

---

**3.** We emphasize that the district court awarded attorney fees and costs to Mobilight pursuant to attorney fee provisions in the parties' written agreements and the Utah Uniform Trade Secrets Act, *see* Utah Code Ann. § 13–24–5 (2009). The attorney fee award was not a further sanction under rule 37, intended to further punish KK Machinery for the destruction of evidence.

**4.** Given our disposition, Mobilight is also entitled to its attorney fees reasonably incurred in this appeal. *See Valcarce v. Fitzgerald,* 961 P.2d 305, 319 (Utah 1998) ("[W]hen a party who received attorney fees below prevails on appeal, 'the party is also entitled to fees reasonably incurred on appeal.'") (citation omitted). We remand to the district court to ascertain the amount of those fees.