2016 UT App 78

## THE UTAH COURT OF APPEALS

DARRELL VEAZIE, JANINE VEAZIE, DELAUN BLAKE, AND
WILLHELMENA BLAKE,
Appellees,
*v.*
RCB RANCH LLC AND ROBERT C. BENSON,
Appellants.

Per Curiam Decision
No. 20160144-CA
Filed April 21, 2016

Fourth District Court, Heber Department
The Honorable Roger W. Griffin
No. 130500142

Edwin C. Barnes, Aaron D. Lebenta, and Timothy R.
Pack, Attorneys for Appellants

Rodney R. Parker and Adam M. Pace, Attorneys
for Appellees

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1     Appellants RCB Ranch LLC and Robert C. Benson
(collectively, Benson) appeal an order finding Benson to be in
contempt and entering a default judgment on one cause of
action. This case is before this court on a motion to dismiss the
appeal filed by Appellees Darrel Veazie, Janine Veazie, Delaun
Blake, and Willhelmena Blake (collectively, Veazie). We dismiss
the appeal for lack of jurisdiction.

¶2     The district court granted Veazie's motion to hold Benson
in contempt of an order made at the final pretrial hearing, where
the district court ordered both parties not to tamper with or do

anything to their property that would pertain to any of the issues raised in the lawsuit. The district court found that Benson "blatantly violated this order . . . by significantly altering the appearance of the cargo box fence on the property (covering it up), which is a central issue of [Veazie's] nuisance claim." The district court found that Benson's "actions severely prejudiced [Veazie's] ability to prove [the] nuisance claim and was done deliberately and willfully despite being subject to a direct order not to act in such a manner." The district court noted that it had previously found that Benson engaged in spoliation of video evidence relevant to Veazie's nuisance claim and had reserved a ruling on the remedy. After finding Benson in contempt, the district court sanctioned Benson under rule 37(b) of the Utah Rules of Civil Procedure by striking the answer to the nuisance claim and entering a default judgment on that claim. The district court reserved the issue of compensatory damages for jury determination.

¶3     Veazie moves to dismiss the appeal for lack of appellate jurisdiction, arguing that the order appealed was a civil contempt order that is interlocutory and not appealable as a matter of right. "The appealability of a contempt order depends on the nature of the order." *York v. Performance Auto, Inc.*, 2011 UT App, 257, ¶ 14, 264 P.3d 212. If the contempt order is "criminal," it is final and appealable as a matter of right. *Id.* ¶ 16. However, if the order is "civil," it is an interlocutory order that is not appealable as a matter of right, unless it "arose out of supplemental proceedings after a final judgment." *Id.* The only issue now before this court is whether the contempt order is criminal and therefore appealable as a matter of right.

¶4     Factors indicating that an order of contempt is criminal include that the order is intended "to vindicate the court's authority, as by punishing an individual for disobeying an order," that "the sanction is fixed," that the sanction "is imposed retroactively for a completed action of disobedience," and that

the contempt order may be captioned separately. *Id.* ¶ 14 (citation and internal quotation marks omitted). Factors indicating that a contempt order is civil include that "its purpose is remedial, either to coerce compliance with a court order or to compensate an aggrieved party for injuries resulting from [noncompliance] with an order," that the order is contingent, and that the order bears the caption of the underlying case. *Id.* ¶ 15 (alternation in original) (citation and internal quotation marks omitted). After considering these factors, we conclude that the order is a civil contempt order.

¶5     The district court in this case intended more to compensate Veazie than to punish Benson for Benson's disobeying its spoliation order. The contempt order was remedial and intended to address the result of the alteration of the property that Veazie would be "severely prejudiced" and "significantly impaired" in pursuing the nuisance claim. The district court specifically invoked the remedies available for spoliation of evidence under rule 37(b) of the Utah Rules of Civil Procedure, which were made available by rule 37(e).[1]

¶6     A similar case, *Daynight LLC v. Mobilight, Inc.*, 2011 UT App 28, 248 P.3d 1010, involved an appeal of a decision to grant a motion for sanctions for spoliation and enter a default judgment. This court stated that the provision now appearing in rule 37(e) allowed a district court to take "any action authorized by [rule 37(b)(2)] if a party destroys, conceals, alters, tampers with or fails to preserve a document, tangible item, electronic data or other evidence in violation of a duty." *Id.* ¶ 2 (emphasis omitted) (citation and internal quotation marks omitted). Under the provisions of rule 37(e), a court is not required to find

---

1. The provision currently appearing at rule 37(e) of the Utah Rules of Civil Procedure was previously contained in rule 37(g) of the Utah Rules of Civil Procedure.

"willfulness, bad faith, fault or persistent dilatory tactics" or the violation of court orders before a court may sanction a party. *Id.* (citation and internal quotation marks omitted). Concluding that the destruction of evidence allowed the district court to take any action allowed by rule 37(b)(2), this court affirmed the district court's entry of a default judgment based upon proof of spoliation of evidence.

¶7    The contempt order in this case was intended to compensate Veazie as an aggrieved party by imposing a remedial sanction for spoliation of evidence related to the nuisance claim, specifically citing the sanctions available under rule 37(b)(2). It follows that the contempt order was a civil contempt order intended "to compensate an aggrieved party for injuries resulting from [noncompliance] with an order." *York*, 2011 UT App 257, ¶ 15 (alteration in original) (citation and internal quotation marks omitted). In addition, the ruling referenced the district court's earlier findings regarding Benson's actions constituting spoliation of evidence, as to which the district court had reserved a ruling on the remedy. The entry of a default judgment on the nuisance claim addressed the effect of Benson's actions constituting spoliation of evidence upon Veazie's ability to pursue the nuisance claim, and the sanction was limited to the damages determined to be attributable to the nuisance claim.

¶8    Because we determine that the contempt order is a civil contempt order, it is interlocutory and not immediately appealable as a matter of right. Accordingly, we dismiss this appeal for lack of jurisdiction because it is not taken from a final appealable judgment. Our dismissal is without prejudice to any challenge to the contempt order on the merits in an appeal that may be taken after the entry of a final judgment.

––––––––––