1999 UT 94

**Betty STOKES, Plaintiff and Appellant,**

v.

**Mark Van WAGONER, and Van Wagoner & Stevens, Defendants and Appellees.**

No. 970596.

Supreme Court of Utah.

Oct. 1, 1999.

Jay R. Mohlman, Annette F. Sorensen, Salt Lake City, for plaintiff.

M. David Eckersley, Robert G. Wing, Salt Lake City, for defendants.

DURHAM, Associate Chief Justice:

¶ 1 Plaintiff Betty Stokes appeals from a trial court's order dismissing her complaint under Utah R. Civ. P. 12(b)(6), on the ground that it is barred by the applicable statute of limitations. We reverse.

¶ 2 In 1988, Ms. Stokes engaged the law firm of Van Wagoner & Stevens (the "firm") to pursue a workers' compensation claim and an employment discrimination claim on her behalf. The Labor Commission (the "Commission") dismissed Stokes' workers' compensation claim. *See Stokes v. Board of Review*, 832 P.2d 56, 57 (Utah Ct.App.1992) ("*Stokes I*"). Following the dismissal, Stokes petitioned the Commission to order the firm to refund the fees she had paid them on the unsuccessful claim. She argued that the firm's fee arrangement violated a Commission rule that permitted contingent fees only. The administrative law judge agreed with Stokes and entered an order directing the firm to refund the fees charged for the failed workers' compensation claim. The Commission subsequently affirmed the order on March 7, 1996.

¶ 3 In an attempt to collect the fee refund, Stokes docketed an abstract of award in the district court as a judicial judgment. The firm challenged the docketing of the abstract and the district judge vacated it, ruling that the Commission had no authority

to issue an order directing the disgorgement of attorney fees. Stokes appealed that ruling to this court.

¶ 4 On August 19, 1997—while the above-mentioned appeal was still pending—Stokes filed the complaint in this case against the firm, asserting claims for violations of state statute and rule, negligence, conversion, breach of fiduciary duty, and punitive damages. As pled in the complaint, the question of the propriety and amount of attorney fees charged by defendant form a basis for each cause of action. Defendant moved to dismiss Stokes' claims on the ground that they were barred by the applicable statute of limitations which, according to Stokes' unrebutted allegation, defendant conceded was not shorter than three years. The trial court granted defendant's motion on November 12, 1997.

¶ 5 On November 10, 1998, this court issued the opinion in *Stokes v. Flanders*, 970 P.2d 1260 ("*Stokes II* "), in which we affirmed the order vacating the "abstract of judgment" but held that "[i]f the issue of the legality of the fees charged [Stokes] were to arise in an independent action ... the Commission's ruling would be determinative of the issue of the illegality of the fees because the Commission has exclusive jurisdiction to determine the lawfulness of attorney fees charged in cases brought before it, whether the case was successful or not." *Id.* at 1265. Stokes has now filed such an action; the sole question is whether it was timely filed.

¶ 6 The propriety of a dismissal based on Utah R. Civ. P. 12(b)(6) is a question of law; therefore we review the district court's ruling for correctness. *See St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). In reaching our judgment, we accept the complaint's factual allegations as true and draw all inferences in plaintiff's favor. *Id.*

¶ 7 We have long recognized that "[t]he general rule is that [a cause of action] accrues at the time it becomes remediable in the courts, that is when the claim is in such a condition that the courts can proceed and give judgment if the claim is established." *State Tax Comm'n v. Spanish Fork*, 99 Utah 177, 100 P.2d 575, 577 (1940). The logic of this rule is evident. A contrary position would require a party to file a suit before the party could maintain an action upon the merits; such a suit would be speculative and could be wasteful of judicial and other resources in many cases. Indeed, we note that a party that files a claim prior to the time it accrues is likely to have that claim dismissed for unripeness.

¶ 8 Our ruling in *Stokes II* made clear that the Commission has exclusive jurisdiction over the issue of attorney fees charged in the course of proceedings before it. A ruling from the Commission on the question of the propriety of fees is thus a predicate to the filing of an action in which the propriety and amount of those fees is at issue. We therefore conclude that the statute of limitations on plaintiff's claims began to run on the date the Commission entered its final order regarding the fees, March 7, 1996. Stokes filed the present action on August 19, 1997, about a year and a half following the Commission's final decision. The shortest statute of limitations applicable to Stokes' claims is three years. Accordingly, we conclude that plaintiff's complaint was timely filed. The district court's order dismissing plaintiff's complaint is reversed.

¶ 9 Chief Justice HOWE, Justice STEWART, Justice ZIMMERMAN, and Justice RUSSON concur in Associate Chief Justice DURHAM's opinion.