2004 UT 1

**Brian HUNTER, Plaintiff and Appellant,**

v.

**SUNRISE TITLE COMPANY, Defendant and Appellee.**

No. 20010960.

Supreme Court of Utah.

Jan. 16, 2004.

Daniel S. Sam, Vernal, for plaintiff.

Clark B. Allred, Gayle F. McKeachnie, Vernal, for defendant.

WILKINS, Justice:

¶ 1 Plaintiff Brian Hunter appeals the district court's dismissal of his amended complaint against defendant Sunrise Title Company ("Sunrise Title"). In granting Sunrise Title's motion to dismiss, the district court concluded that Hunter failed to comply with the timely service provisions of rule 4(b) of the Utah Rules of Civil Procedure. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 In July 1995, Sunrise Title, a Utah title company located in Roosevelt, served as the closing agent in a real estate transaction between Mary Rowsell and C. Morgan Glines. Rowsell listed real property in Duchesne County for sale through RS West Real Estate ("RS West"), a Utah real estate agency, and Shar Lynn Benson, a real estate agent employed by RS West. At the time Rowsell and Benson signed the listing agreement, Hunter and his family resided at the property in question.

¶ 3 Following the sale of the property, Hunter asserted an equitable claim to the land and filed suit against both Rowsell and Glines. In May 1998, after having previously received a money judgment against Rowsell for attorney fees and loss of income, Hunter obtained a court order vesting title to the property in him. After the entry of the order, Hunter filed another lawsuit relating to the Rowsell–Glines transaction on July 14,

1998, this time naming Benson, RS West, and Sunrise Title as co-defendants and alleging breach of fiduciary duty, fraudulent conspiracy, and violation of state law regulating real estate agents. Pursuant to rule 4(b) of the Utah Rules of Civil Procedure, Benson and RS West were then properly served with a summons and copy of the complaint within 120 days. However, Sunrise Title was not served until May 2001, despite being located in Roosevelt and having a registered agent to receive service of process.

¶ 4 After answering the complaint and participating in discovery, Benson and RS West moved for summary judgment, which resulted in the dismissal of all but one of Hunter's claims. Thereafter, Hunter settled the lone remaining claim against Benson and RS West and agreed to dismiss his complaint against those two defendants only, with prejudice and upon the merits. The district court then entered a formal order of dismissal on June 22, 2000.

¶ 5 On May 17, 2001, nearly eleven months after the entry of the order of dismissal, Hunter filed an amended complaint naming Sunrise Title as the only defendant and adding slander of title and negligence to the previous allegations of breach of fiduciary duty and fraudulent conspiracy. After receiving the appropriate summons, Sunrise Title moved to dismiss on grounds that Hunter failed to comply with the timely service requirement of rule 4(b) of the Utah Rules of Civil Procedure. Specifically, Sunrise Title argued that (1) Hunter neglected to serve process on the company within 120 days of filing his original complaint; and (2) even though rule 4(b) allows service on co-defendants "at any time prior to trial" provided one co-defendant is properly served within the appropriate time frame, this provision was inapplicable because the action against Benson and RS West had already been dismissed with prejudice. Utah R. Civ. P. 4(b). The district court agreed and granted Sunrise Title's motion to dismiss, from which Hunter now appeals.

**STANDARD OF REVIEW**

¶ 6 We review the district court's grant of a motion to dismiss for correctness, accepting as true the factual allegations of the complaint and drawing all inferences in the plaintiff's favor. *Stokes v. Van Wagoner*, 1999 UT 94, ¶ 6, 987 P.2d 602.

**ANALYSIS**

¶ 7 Rule 4(b) of the Utah Rules of Civil Procedure requires that "the summons together with a copy of the complaint ... be served [upon the defendant] no later than 120 days after the filing of the complaint unless the court allows a longer period of time for good cause shown." Regarding multiple-defendant lawsuits, the rule further provides that "[i]n any action brought against two or more defendants on which service has been obtained upon one of them within the 120 days or such longer period as may be allowed by the court, the other or others may be served or appear at any time prior to trial." Utah R. Civ. P. 4(b).

¶ 8 Citing this co-defendant provision, Hunter contends that Sunrise Title can be served with the amended complaint because (1) the original complaint was timely served on both Benson and RS West within 120 days of filing; and (2) no trial ever took place. According to Hunter, the phrase "prior to trial" should be strictly construed to allow service on co-defendants at any point before trial or the entry of final judgment. In short, under Hunter's proposed interpretation of rule 4(b), a co-defendant is susceptible to service of process until an actual trial begins or a final disposition occurs, even if a substantial amount of time has lapsed and regardless of whether other defendants remain in the suit or, as in this case, have previously been dismissed with prejudice. We disagree.

¶ 9 In *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wash.2d 325, 815 P.2d 781 (1991), the Washington Supreme Court addressed a similar question in the context of a tolling statute. The issue in *Sidis* was whether timely service of process upon one defendant tolled the statute of limitations as to unserved co-defendants. *Id.* at 781. Although the Washington court interpreted the statute in question to permit tolling, it noted that "[w]hile it is true that [the statute], literally read, tolls the

statute of limitation for an *unspecified* period, that period is not *infinite."* *Id.* at 783. Indeed, court rules dictate that plaintiffs pursue their claims in an expeditious manner. *Id.* Of particular relevance to the instant case, the Washington Supreme Court further emphasized that "[a] plaintiff who fails to serve each defendant risks losing the right to proceed against unserved defendants if the served defendant is dismissed." *Id.; see, e.g., Fox v. Sunmaster Prods., Inc.,* 63 Wash. App. 561, 821 P.2d 502, 506–07 (1991); *Fittro v. Alcombrack,* 23 Wash.App. 178, 596 P.2d 665, 666 (1979).

¶ 10 We find the Washington court's reasoning persuasive, and apply it to the facts of this case. Here, Hunter ultimately dismissed, with prejudice and on the merits, all claims against Benson and RS West arising from his initial complaint. The district court then memorialized this dismissal in its June 22, 2000 order. Therefore, as of June 22, 2000, Hunter's original three-defendant lawsuit became a single-defendant action, with Sunrise Title the sole remaining defendant. Consequently, the co-defendant provision of rule 4(b) allowing service "at any time prior to trial" ceased to apply once Benson and RS West were formally dismissed from the case.

 ¶ 11 In the absence of co-defendants who have been served per rule 4(b), the plain language of the rule mandates that "the summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint unless the court allows a longer period of time for good cause shown." Utah R. Civ. P. 4(b). Where all *served* co-defendants are formally dismissed, we hold that rule 4(b) requires service upon at least one of the remaining *unserved* defendants within 120 days of filing of the complaint, absent the district court's grant of an extension for good cause.

 ¶ 12 In this case, Hunter formally dismissed all claims against Benson and RS West effective June 22, 2000, the date the district court entered its order. Hunter then waited nearly eleven months before finally serving Sunrise Title with the amended complaint on May 17, 2001. Once Benson and RS West were dismissed, Hunter had no more than 120 days from the date his original complaint was filed to serve Sunrise Title or move the district court for an extension of time. Simply stated, pursuant to rule 4(b), if all served co-defendants are dismissed, a plaintiff in Hunter's position must either (1) serve at least one unserved defendant within 120 days of the date the original complaint was filed; or (2) petition the district court for an extension prior to the dismissal of the served co-defendants, if the 120–day period has already expired. Because Hunter did neither, the district court properly dismissed his amended complaint as untimely.

 13 Finally, we also note that Hunter's strict reading of rule 4(b) to allow service on co-defendants "at any time prior to trial" directly conflicts with our well-established rule that "[t]he policy in the law is … to simplify and expedite procedure and … avoid a multiplicity of lawsuits." *Bartholomew v. Bartholomew,* 548 P.2d 238, 241 (Utah 1976); *see also* Utah R. Civ. P. 1(a) (stating that the Utah Rules of Civil Procedure "shall be liberally construed to secure the just, speedy, and inexpensive determination of every action").

## CONCLUSION

¶ 14 We affirm the district court's dismissal of Hunter's amended complaint against Sunrise Title. We hold that the co-defendant provision of rule 4(b) of the Utah Rules of Civil Procedure allowing service "at any time prior to trial" does not apply where, as here, all other co-defendants have been formally dismissed. If all served co-defendants are formally dismissed from an action, rule 4(b) mandates service upon at least one remaining unserved defendant within 120 days of the date of filing of the complaint, absent the district court's timely grant of an extension. A plaintiff's failure to satisfy the 120–day requirement or obtain an extension results in dismissal of the complaint as untimely, as occurred here. Affirmed.

¶ 15 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Justice WILKINS' opinion.