IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| William York and Nathan York, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiffs and Appellant, | ) | Case No. 20110908-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Performance Auto, Inc.; James K. | ) | (February 24, 2012) |
| Slavens; and 10 John Does, | ) | |
| | ) | 2012 UT App 58 |
| Defendants and Appellees. | ) | |

-----

Fourth District, Fillmore Department, 090700014
The Honorable Samuel D. McVey

Attorneys:     William York, Delta, Appellant Pro Se
                     James K. Slavens, Fillmore, for Appellees

-----

Before Judges Orme, Thorne, and Christiansen.

¶1     William York appeals the district court's September 7, 2011 order dismissing his complaint without prejudice. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     Rule 4(b)(i) of the Utah Rules of Civil Procedure provides that "[i]n an action commenced under Rule 3(a)(1), the summons together with a copy of the complaint shall be served no later than 120 days after the filing of the complaint unless the court allows a longer period of time for good cause shown." Utah R. Civ. P. 4(b)(i). "If the summons and complaint are not timely served, the action shall be dismissed, without prejudice on application of any party or upon the court's own initiative." *Id.* Rule 4(b)(ii) provides that "[i]n any action brought against two or more defendants on which

service has been timely obtained upon one of them, the plaintiff may proceed against those served, and the others may be served or appear at any time prior to trial." *Id.* R. 4(b)(ii).

¶3     York's action was previously before this court wherein we determined that the May 28, 2009 order dismissing Mr. Slavens was not a final, appealable order. *See York v. Performance Auto, Inc.,* 2011 UT App 257, ¶ 12, 264 P.3d 212. "By dismissing the only served co-defendant, the trial court did not dispose of the case but converted it into an action against the remaining unserved defendants." *Id.* This court determined that "until the trial court enters an order concluding the litigation as to all litigants, including unserved defendants, York has no final order from which to appeal." *Id.*

¶4     On September 7, 2011, the trial court determined that York had not served any of the remaining defendants within 120 days of the filing of the complaint. Furthermore, because Mr. Slavens had been dismissed from the lawsuit on June 3, 2009, York could not rely on rule 4(b)(ii) of the Utah Rules of Civil Procedure to extend the time to serve the remaining defendants. Thus, the district court dismissed the complaint against the remaining defendants without prejudice. York fails to demonstrate that the district court erred by dismissing his complaint without prejudice.

¶5     Affirmed.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Michele M. Christiansen, Judge


20110908-CA                                    2