*This opinion is subject to revision before publication in the Pacific Reporter*

**2015 UT 49**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

BARBARA ST. JEOR,
*Appellee,*

*v.*

KERR CORPORATION,
*Appellant.*

No. 20130913
Filed May 22, 2015

Third District, Salt Lake
The Honorable John Paul Kennedy
No. 070908983

Attorneys:

Gilbert L. Purcell, Alan R. Brayton, Brian D. Holmberg,
Jacob L. Rice, A. Jase Allen, Salt Lake City,
for appellee

Robert R. Wallace, Michael D. Johnston, Salt Lake City,
for appellant

JUSTICE HIMONAS authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE PARRISH joined.

JUSTICE HIMONAS, opinion of the Court:

## INTRODUCTION

¶ 1    This case concerns a straightforward application of the service of process provisions of Utah Rule of Civil Procedure 4(b). Barbara St. Jeor filed a wrongful death suit related to her husband's exposure to asbestos. She served a number of the named defendants within rule 4(b)'s 120-day timeframe, but did not serve defendant Kerr Corporation until five years later, in February 2013. Kerr moved for dismissal, asserting that Ms. St. Jeor had not timely served it. The district court denied the

motion and held that Ms. St. Jeor had complied with rule 4(b)'s service requirements. Kerr now brings an interlocutory appeal of that order.

¶ 2    We hold that Ms. St. Jeor complied with the service of process requirements under rule 4(b) because she served Kerr prior to trial and while previously served defendants remained parties to the action. Accordingly, we affirm the district court's order denying Kerr's motion. But because we acknowledge possible policy concerns, we also refer rule 4(b) to our civil procedure rules committee for review.

## BACKGROUND

¶ 3    The parties do not dispute the facts. In June 2007, Ms. St. Jeor, along with her husband, Eldon, filed a negligence and strict products liability suit against numerous defendants, including Kerr, arising out of Mr. St. Jeor's asbestos exposure. Ms. St. Jeor served Kerr, and Kerr filed its answer in August 2007. Mr. St. Jeor passed away in November 2007, and Ms. St. Jeor filed a Suggestion of Death the next month advising the parties of his passing. On May 16, 2008, Ms. St. Jeor and Kerr stipulated to Kerr's dismissal without prejudice, and the district court signed the order of dismissal.

¶ 4    Five days later, on May 21, 2008, Ms. St. Jeor filed a Second Complaint for Survival, Wrongful Death—Asbestos. The complaint caption named as defendants "Asbestos Defendants As Reflected on Exhibits B, C, and H." Exhibit B of the Second Complaint listed Kerr Corporation. On July 7, 2008—within 120 days of filing the complaint—Ms. St. Jeor served several of the defendants, but not Kerr. Subsequently, Ms. St. Jeor filed a number of amended complaints, each listing Kerr as a defendant. She served Kerr with the Fifth Amended Complaint on February 20, 2013, nearly five years after the district court's order dismissing Kerr without prejudice.

¶ 5    Kerr moved to be again dismissed, asserting that Ms. St. Jeor's claims were barred by various statutes of limitations, laches, and untimely service of process. The district court held that Ms. St. Jeor's suit was not barred by any statute of limitations and that she had complied with rule 4(b)'s service requirements and therefore denied the motion. Kerr timely appealed. We have jurisdiction under Utah Code section 78A-3-102(3)(j).

**STANDARD OF REVIEW**

¶ 6    We review a district court's "legal conclusions and ultimate grant or denial of summary judgment for correctness." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (internal quotation marks omitted). Similarly, "[w]e review the district court's denial of [a] motion to dismiss for correctness, granting no deference to the district court's ruling." *First Equity Fed., Inc. v. Phillips Dev., LLC*, 2002 UT 56, ¶ 11, 52 P.3d 1137 (internal quotation marks omitted).[1]

**ANALYSIS**

¶ 7    Citing Utah Rule of Civil Procedure 4(b), Kerr correctly asserts in the first line of its argument that "where one defendant in a case is served, other defendants may be served at any time prior to trial." This statement of the rule begins and ends our analysis of the present matter. We hold that the district court correctly applied rule 4(b) below, and we therefore affirm the order denying Kerr's motion to dismiss.

¶ 8    Rule 4(b) requires that a summons and copy of the complaint be served "no later than 120 days after the filing of the complaint" unless the court extends the time "for good cause." However, in a suit "brought against two or more defendants on which service has been timely obtained upon one of them," the other defendants need not be served within the 120-day window but "may be served or appear at any time prior to trial." UTAH R. CIV. P. 4(b)(ii). That is precisely what occurred here.

¶ 9    As discussed above, the relevant facts are not in dispute. On May 21, 2008, Ms. St. Jeor filed the Second Complaint alleging survival and wrongful death claims for the death of Mr. St. Jeor. And although Ms. St. Jeor named Kerr as a defendant, she did not

---

[1] Kerr styled its motion in the alternative as a "motion to dismiss and/or for summary judgment." The district court did not indicate whether it was ruling on the motion as one for dismissal or for summary judgment, but instead simply ruled that the motion was denied. Where, as here, the operative facts are not in dispute, the standards of appellate review for dismissal and summary judgment are the same. Therefore, it is ultimately irrelevant to our analysis in this case whether the motion was denied under rule 12(b) or rule 56(c) of the Utah Rules of Civil Procedure.

serve Kerr with the Second Complaint. She did, however, serve several other defendants within the 120-day timeframe of rule 4(b). Ultimately, on February 20, 2013, Ms. St. Jeor served Kerr with the Fifth Amended Complaint. At the time of service on Kerr, several of the previously served defendants remained parties to the action.

¶ 10  Despite the rule's plain language, Kerr argues that the district court erred in holding that Ms. St. Jeor complied with rule 4(b). Citing *Hunter v. Sunrise Title Co.*, 2004 UT 1, 84 P.3d 1163, Kerr contends that the provision allowing a plaintiff to serve additional defendants "at any time prior to trial" is not unlimited and that "public policy should temper its application." But *Hunter* provides no support for Kerr in these circumstances. In *Hunter*, the plaintiff made timely service on two defendants but not a third. *Id.* ¶ 3. The plaintiff then voluntarily dismissed with prejudice all claims against the served defendants. *Id.* ¶ 4. Thereafter, outside the 120-day window but prior to trial, the plaintiff served the third defendant. *Id.* ¶ 5. We concluded that service was untimely because the "provision of rule 4(b) allowing service 'at any time prior to trial' ceased to apply once [the served defendants] were formally dismissed from the case." *Id.* ¶ 10.

¶ 11  The present circumstances vary significantly from the situation in *Hunter*. In *Hunter*, the dismissal of the two served defendants foreclosed the availability of rule 4(b)(ii)'s "at any time prior to trial" provision because there was no longer a defendant "on which service has been timely obtained." UTAH R. CIV. P. 4(b)(ii). And our holding was expressly limited to such situations:

> Where all *served* co-defendants are formally dismissed, we hold that rule 4(b) requires service upon at least one of the remaining *unserved* defendants within 120 days of filing of the complaint, absent the district court's grant of an extension for good cause.

*Hunter*, 2004 UT 1, ¶ 11. In contrast, here, several of the served defendants remained parties to the action when Ms. St. Jeor served Kerr. Accordingly, under the plain language of the rule, Ms. St. Jeor could properly avail herself of the option to serve Kerr "at any time" before trial began.[2]

---

[2] And because rule 4(b)(ii)'s provision governing multiple
(cont'd)

¶ 12 Kerr cites several general policy concerns to argue that we should read the language of rule 4(b) in a more circumscribed fashion, or even disregard the text altogether and rewrite the rule. However, it is the duty and practice of this court to adhere to the plain language of a rule. *Dipoma v. McPhie*, 2001 UT 61, ¶ 11, 29 P.3d 1225. And where the text of the rule is clear and unambiguous, our inquiry ends, and we need not resort to additional methods of interpretation. *Clark v. Archer*, 2010 UT 57, ¶ 9, 242 P.3d 758.

¶ 13 Kerr does not argue that the rule is unclear or ambiguous, but rather that principles of fairness dictate that we introduce limitations into the language.[3] And while Kerr may disagree with the rule's underlying policies, asking this court to rewrite the rule on the fly is not the appropriate means to advocate for a policy shift. "Litigants ought to be able to rely on our constructions of our rules and statutes, particularly on matters as critical as the timing standards for filing deadlines." *Carter v. Lehi City*, 2012 UT 2, ¶ 15, 269 P.3d 141. It would be fundamentally unfair for this court to alter course *post hoc* and foreclose Ms. St. Jeor's suit simply because Kerr disagrees with the outcome of the rule. We therefore decline Kerr's request to "look to the spirit of the rules" rather than the text itself,[4] and we will not read

defendants applied, Ms. St. Jeor had no need to seek an extension of time under rule 4(b)(i). Thus, the district court did not err, as Kerr contends, in failing to require a showing of good cause to permit service beyond the 120-day window.

[3] In an attempt to bolster its argument, Kerr grafts policy considerations related to statutes of limitations onto its argument for a limited reading of the service of process provisions, thereby conflating the two. And while service of process and statutes of limitations may implicate overlapping policy objectives of expediency and finality, they are distinct inquiries. In any event, on appeal Kerr does not actually challenge the district court's holding that Ms. St. Jeor's suit was filed before the applicable statutes of limitations ran, and thus we have no occasion to disturb the ruling.

[4] For this reason, Kerr's recitation of service of process rules from other jurisdictions has no bearing on our decision. We do not look to external sources for persuasive authority if the language of our rule is clear and unambiguous. *Clark*, 2010 UT 57, ¶ 9.

additional limitations into rule 4(b) that the language cannot bear.[5]

¶ 14   Finally, Kerr argues that the suit should be barred under the doctrine of laches. But because the only issue for which Kerr sought interlocutory review—and for which review was granted—was whether the district court erred in ruling that Ms. St. Jeor timely served Kerr under rule 4(b), the issue of laches is not properly before this court. *See Houghton v. Dep't of Health*, 2005 UT 63, ¶ 16, 125 P.3d 860 ("On interlocutory appeal, we review only those specific issues presented in the petition."). And in any event, because Kerr assumes, without argument or citation to authority, that the equitable defense of laches applies to service of process issues arising under rule 4(b), Kerr's laches argument is inadequately briefed and "we would be ill-advised" to reach a decision regarding unsettled law "without the benefit of adversarial briefing."[6] *State v. Baker*, 2010 UT 18, ¶ 57, 229 P.3d 650.

## CONCLUSION

¶ 15   Kerr contends that, notwithstanding the plain language of rule 4(b) and its long-standing interpretation, "public policy should temper its application." We do not agree. Under the plain language of rule 4(b), after serving at least one defendant within 120 days of filing, Ms. St. Jeor was permitted to then serve Kerr at "any time prior to trial." We therefore affirm the district court's denial of Kerr's motion to dismiss.

---

[5] While an appeal to this court is not the appropriate means to amend a court rule, some of Kerr's policy arguments for amending rule 4(b) warrant further consideration through the appropriate process. We therefore refer rule 4(b) to our civil procedure rules committee for review.

[6] For these same reasons, we do not decide whether Kerr can raise a similar unreasonable delay argument under Utah Rule of Civil Procedure 41(b) for failure to prosecute an action.