2022 UT App 120

## THE UTAH COURT OF APPEALS

JORDAN CREDIT UNION,
Appellee,
*v.*
PATRICK M. SULLIVAN,
Appellant.

Opinion
No. 20210484-CA
Filed October 27, 2022

Third District Court, Salt Lake Department
The Honorable Patrick Corum
No. 129917324

Patrick M. Sullivan, Appellant Pro Se

Richard C. Terry and Douglas A. Oviatt, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGE DAVID N. MORTENSEN concurred. JUDGE GREGORY
K. ORME concurred, with opinion.

CHRISTIANSEN FORSTER, Judge:

¶1 Patrick M. Sullivan appeals the district court's ruling denying his motion to vacate a default judgment entered against him. Sullivan argues the court lacks jurisdiction because he was not properly served with process pursuant to rule 4(d)(1)(D) of the Utah Rules of Civil Procedure. We agree and accordingly reverse.

## BACKGROUND

¶2 In 2008, Sullivan entered into a loan agreement with Jordan Credit Union (Jordan) to purchase a vehicle. In 2012, Sullivan

defaulted on the loan agreement. In response, Jordan filed a Motion for Issuance of Order to Show Cause Why a Writ of Replevin and Writ of Assistance Should Not Issue. The district court granted the order to show cause on December 12, 2012.

¶3 On December 17, Sullivan—who was incarcerated at the Utah County Jail on charges unrelated to this case—was personally served by a Utah County deputy constable with the order to show cause, summons, and complaint. On January 14, 2013, Sullivan was served with a writ of replevin, praecipe, writ of assistance, and order of possession. At that time, Sullivan was still incarcerated at the Utah County Jail and personal service was again effected by a Utah County deputy constable. Thereafter, Sullivan never appeared to answer Jordan's complaint, and on February 11, 2013, the district court entered default judgment against Sullivan.

¶4 In February 2021, Jordan filed a Motion for Renewal of Judgment against Sullivan. A copy of the motion was mailed to Sullivan at his then-current residence, the Utah State Prison. The district court granted Jordan's motion and renewed the original judgment against Sullivan.

¶5 In response, Sullivan filed a Motion to Vacate Order of Default Judgment. Sullivan argued that he "was never aware of [the 2013 default judgment], prior to [Jordan] filing a Motion for Renewal of Judgment." Sullivan maintained that he "was never served with a copy of the summons and complaint" in the original default action as required by rule 4(d)(1) of the Utah Rules of Civil Procedure. Consequently, because service was deficient, Sullivan requested the default judgment be vacated pursuant to rules 55 and 60 of the Utah Rules of Civil Procedure.

¶6 The district court denied Sullivan's motion to vacate the default judgment. In its ruling, the court rejected Sullivan's claim that he was not properly served under rule 4, finding that Jordan "established service of process on December 20, 2012." The court

noted that Sullivan was "[i]n fact" served while he was incarcerated at the Utah County Jail.

## ISSUE AND STANDARD OF REVIEW

¶7    Sullivan now appeals the district court's denial of his motion to vacate the default judgment. Specifically, Sullivan argues the court erred in determining that he had been properly served pursuant to rule 4(d)(1)(D) of the Utah Rules of Civil Procedure. "A denial of a motion to set aside a judgement is ordinarily reviewed for an abuse of discretion." *Saysavanh v. Saysavanh*, 2006 UT App 385, ¶ 7, 145 P.3d 1166. "However, when a motion to set aside a judgment is based on a claim of lack of jurisdiction, the district court has no discretion." *Id.* (quotation simplified). The issue of "[w]hether service of process is proper presents a question of law that we review for correctness." *Stichting Mayflower Mountain Fonds v. Jordanelle Special Service Dist.*, 2001 UT App 257, ¶ 7, 47 P.3d 86.

## ANALYSIS

¶8    "For a court to acquire jurisdiction, there must be a proper issuance and service of summons." *Weber County v. Ogden Trece*, 2013 UT 62, ¶ 44, 321 P.3d 1067 (quotation simplified). Under Utah law, service of process is governed by rule 4 of the Utah Rules of Civil Procedure. Rule 4(d)(1)(A) provides that personal service must be made "by delivering a copy of the summons and complaint to the individual personally," unless the individual is "one covered by paragraphs (d)(1)(B), (d)(1)(C) or (d)(1)(D)." Utah R. Civ. P. 4(d)(1)(A). As relevant here, subsection (d)(1)(D) proscribes the service of process on a person "incarcerated or committed at a facility operated by the state or any of its political subdivisions." *Id.* R. 4(d)(1)(D). Under that subsection, service upon an individual incarcerated must be made "by delivering a copy of the summons and complaint to the person who has the

care, custody, or control of the individual . . . . The person to whom the summons and complaint are delivered must promptly deliver them to the individual." *Id.*

¶9 Sullivan contends he was not properly served with process under rule 4(d)(1)(D). At the time Jordan filed its complaint, Sullivan was incarcerated at the Utah County Jail. Thereafter, Jordan *personally served* Sullivan with a summons and copy of the complaint. The proof of service clearly states that "a copy of the attached process" was given to "Patrick Sullivan," and the document is signed by Sullivan. Indeed, Jordan does not dispute this fact. It acknowledges the proof of service indicates that "Sullivan was *served personally* while in custody." (Emphasis added.) However, under rule 4(d)(1)(D), personal service is not sufficient where the individual being served is incarcerated. As discussed above, the rule's plain language carves out an exception for personal service upon incarcerated individuals. That exception applies here. And under that exception, service on an inmate such as Sullivan must be made "by delivering a copy of the summons and complaint *to the person who has the care, custody, or control of the individual.*" *See id.* (emphasis added).

¶10 Jordan resists this conclusion on two grounds. First, Jordan argues that service upon an inmate may also be accomplished pursuant to rule 4(d)(2)(A), which provides that "[t]he summons and complaint may be served . . . by mail or commercial courier service." *See id.* R. 4(d)(2)(A). But this argument misses the mark. While service upon an incarcerated individual may be properly accomplished by mail, that is not what happened here. Service was not effectuated pursuant to this subsection of rule 4, a fact that Jordan does not dispute. Thus, the availability of an alternative method of service is irrelevant.

¶11 Second, Jordan argues the service completed in this case satisfies the "purpose and intent" of rule 4 inasmuch as "the preferred method is to serve the summons on the party directly,

falling back to other methods when that cannot be accomplished." But to credit this position would require us to ignore the plain language of the rule, which we cannot do. *See Day v. Barnes*, 2018 UT App 143, ¶ 15, 427 P.3d 1272 ("We interpret court rules, like statutes and administrative rules, according to their plain language. Courts are, in short, bound by the text of the rule." (quotation simplified)); *see also St. Jeor v. Kerr Corp.*, 2015 UT 49, ¶ 13, 353 P.3d 137 (declining the defendant's request to depart from the plain language of rule 4 and "to 'look to the spirit of the rules' rather than the text itself"); *Redwood Land Co. v. Kimball*, 433 P.2d 1010, 1010 (Utah 1967) (holding that service is proper only when effectuated in "strict compliance" with the rules); *Nolan v. RiverStone Health Care*, 387 Mont. 97, ¶ 10, 391 P.3d 95 ("Because proper service of process is jurisdictional, . . . strict compliance with the rules for service of process is mandatory."). Because subsections (d)(1)(A) and (d)(1)(D) explicitly provide that personal service may be made "[u]pon any individual *other than*" "an individual incarcerated," and because "it is service of process, not actual knowledge of the commencement of the action, which confers [personal] jurisdiction," *see Saysavanh v. Saysavanh*, 2006 UT App 385, ¶ 25, 145 P.3d 1166 (quotation simplified), the district court was without jurisdiction to enter default judgment against Sullivan, *see Meyers v. Interwest Corp.*, 632 P.2d 879, 880 (Utah 1981) ("It is axiomatic that a court acquires power to adjudicate *by proper service of process* which imparts notice that the defendant is being sued and must appear and defend or suffer a default judgment." (quotation simplified) (emphasis added)).

¶12 In sum, "the district court lacks personal jurisdiction when there has not been effective service of process," and "judgments entered by a district court lacking personal jurisdiction over the defendant are void." *Cooper v. Dressel*, 2016 UT App 246, ¶ 3, 391 P.3d 338 (quotation simplified). Here, Jordan failed to properly serve Sullivan pursuant to rule 4(d)(1)(D) because Sullivan was served personally while he was incarcerated at the Utah County

Jail. Consequently, because service of process was defective, the district court lacked jurisdiction and its judgment is void.

CONCLUSION

¶13    The district court erred in denying Sullivan's motion to vacate the default judgment. Under the facts of this case, Sullivan was not properly served pursuant to the governing rule and the court therefore lacked personal jurisdiction to enter a default judgment against him. We reverse the court's denial of Sullivan's motion, vacate the default judgment, and remand the case for further proceedings as appropriate.

—————

ORME, Judge (concurring):

¶14    I concur in the court's opinion. Given the text of rule 4(d)(1)(D), I have no choice. But the rule we are bound to follow leads to a result in this case that is nothing short of silly. Our Supreme Court should change the rule. *See generally* Utah Const. art. VIII, § 4 ("The Supreme Court shall adopt rules of procedure[.]").

¶15    Every judge and lawyer, and every law student who has taken Civil Procedure, knows that the gold standard for service of process is personal service, which is what happened here. All the other variations of service, such as substitute service and service by publication, exist to cover situations when personal service has been avoided or is not possible.

¶16    And the logistical difficulty of effecting personal service on an inmate is no doubt what our Supreme Court had in mind in adopting rule 4(d)(1)(D). Surely any ol' process server cannot simply waltz into a correctional facility and hand a summons and complaint to an inmate. And while this is absolutely true with the

typical "person 18 years of age or older at the time of service and not a party to the action or a party's attorney," *see* Utah R. Civ. P. 4(d)(1) (stating the eligibility requirements for process servers), this is apparently not true when the process server is a constable — a certified peace officer, albeit not one whose responsibilities include correctional work, *see* Utah Code Ann. § 53-13-105(1)(a), (1)(b)(ii) (LexisNexis Supp. 2022) (stating that a constable is "a sworn and certified peace officer," specifically a "special function officer"); *id.* § 17-25-1 (2017) (listing the general powers and duties of constables, including to "execute, serve, and return all process directed or delivered to" the constable).

¶17 Here, the constable did nothing more than cut out a pointless middle step. Instead of handing the summons and complaint to the sheriff or the sheriff's designee so the paperwork could be handed to the inmate, the constable handed it to the inmate directly. Voila! He could then personally vouch for actual service on the inmate rather than just substitute service. *See generally* Utah R. Civ. P. 4(d)(1)(D) (stating that service on an inmate is accomplished by serving the inmate's custodian, or the custodian's designee, who then, if all goes well, will "promptly" deliver the summons and complaint to the inmate). And that is the point, obviously—to get the summons and complaint in the hands of the inmate, which is exactly what happened here somewhat more efficiently than the rule contemplates.

¶18 The necessary adjustment to rule 4(d)(1)(D) is obvious and requires the addition of only a few words, underlined below:

> Upon an individual incarcerated or committed at a facility operated by the state or any of its political subdivisions, <u>if personal service cannot be effected on such individual,</u> by delivering a copy of the summons and complaint to the person who has the care, custody, or control of the individual, or to that person's designee or to the guardian or conservator

of the individual if one has been appointed. The person to whom the summons and complaint are delivered must promptly deliver them to the individual[.]

Such a change will preclude the absurd result we had to announce in this case given the current phraseology of the rule.

_____